## ERIE RAILWAY COMPANY ADS. WILLIAM W. ACKERSON.

1. A final judgment cannot properly be entered *nunc pro tunc*, without a special order of the court.
2. The four days' rule of the King's Bench, within which time a rule to show cause must be moved, or a writ of error presented to supersede an execution, is not in force in this state.

Erie Railway Co. v. Ackerson.

3. Execution may be issued immediately after the return of the *postea*, and the entry of a rule for judgment *nisi;* but if a rule to show cause why there should not be a new trial is allowed, the execution becomes a nullity; and if a writ of error is presented, and bail perfected as required by the act, it is superseded.

4. Interest is collected in this state, upon a judgment, by means of an endorsement on the execution, and when a rule to show cause is discharged, the interest may be endorsed to commence at the time the rule for judgment *nisi* was entered.

Matter of practice.

The issues joined in this case were tried at the circuit, in April, 1866, and a verdict having been rendered for the plaintiff, the judge allowed a rule to show cause why there should not be a new trial. A rule for judgment *nisi* was entered at June Term, 1866, and the defendants' attorney entered the rule to show cause at the same term. At June Term, 1867, the court ordered a new trial, unless the plaintiff should elect to remit a part of the damages assessed by the jury. This he did, and a final judgment for the balance was entered *nunc pro tunc*, as of the day the judgment *nisi* was entered, and an execution was issued, endorsed to levy the amount, with interest from that day.

*I. W. Scudder*, for the defendants, moved to correct the endorsement on the execution, by striking out the interest. *A. B. Woodruff*, for the plaintiff, opposed the motion, which was argued before Justices ELMER, BEDLE, and DALRIMPLE.

The opinion of the court was delivered by

ELMER, J.  The plaintiff's attorney was wrong in entering his judgment *nunc pro tunc*, without a special order of the court. Such a judgment is not usually allowed, unless one of the parties has died pending the proceedings. When the justice who tried the cause makes an order for a judgment and execution, before the term of the Supreme Court, as authorized by the 39th section of "an act to simplify the

Erie Railway Co. v. Ackerson.

pleadings and practice in courts of law," (*Nix. Dig.* 738,*) a rule to show cause why there should not be a new trial only stays the proceedings; if the rule to show cause is afterwards discharged, they remain, and are carried into effect. In other cases, the rule to show cause, unless it be otherwise expressly ordered by the court, supersedes the rule for judgment *nisi causa,* entered upon the return of the *postea.* If the rule to show cause is made absolute, and a new trial ordered, neither the verdict nor the judgment *nisi* appears on the record, but the cause is properly continued until there is another verdict and judgment. If the rule to show cause is discharged, the cause is continued on the record by the entry of *curia advisare vult,* until the term when the opinion is pronounced, and a final judgment is entered of that date. Such is the form of the entry in the books of precedents, and such is properly the usage in the office of the clerk of this court.

According to the practice of the King's Bench in England, a final judgment was not entered until the lapse of four days after the rule for judgment *nisi,* during which time the defendant might move for a rule to show cause, or present a writ of error. This delay has been abolished by our rules, which permit a rule to show cause to be moved for during the term, and by the provisions of "an act respecting writs of error." *Nix. Dig.* 287.† The established practice of this court is, that the plaintiff may issue his execution immediately after the entry of the judgment *nisi,* if he thinks proper to do so, at the risk, however, of having it rendered a nullity, by the rule to show cause being allowed absolutely, and without directing the entry of a final judgment for the protection of the plaintiff; and subject, also, to the execution being superseded, if a writ of error is presented, and a recognizance of bail perfected, as required by the aforesaid act. If no rule to show cause is allowed, a final judgment is entered, as a matter of course, of the same date as the judgment *nisi.*

The interest on the sum for which the final judgment was

---

* *Rev.,* p. 886, § 241.    † *Rev.,* p. 373.

entered, was rightly endorsed on the execution, to be levied from the date of the judgment *nisi*. It was not necessary, to entitle him to do this, as the counsel for the plaintiff insisted, to enter the judgment *nunc pro tunc*. By the English practice, until it was altered by an act of parliament, (1 *and* 2 *Vict., ch.* 110, § 117,) no interest was collected on a judgment, unless an action was brought on it, and interest assessed as damages for the detention, or when interest was allowed as damages, upon an affirmance in error. But, from a very early period, it has been the practice in this state to collect legal interest on a judgment, by means of an endorsement on the execution, and the right to do this must be regarded as the common law of New Jersey, become so by the same usage that has permitted the sheriff, with the consent of the plaintiff, to allow the goods levied on to remain in the possession of the defendant for almost an indefinite period. Where an execution has been prevented from being issued, or has been stayed by a rule to show cause, this interest properly commences from the time the *postea* was filed and a judgment *nisi* entered, up to which time it is the practice at the circuits to direct the jury to calculate the interest, if interest is allowed. When the court gave the plaintiff his option to remit a part of the damages assessed, and to enter a final judgment for the balance, they of course intended that interest should be collected on that balance, as would have been the result had the verdict been for that sum, and no rule to show cause had been allowed.

The motion of the defendants' counsel must be denied.