SAMUEL S. CORD ET AL. v. JAMES W. M. NEWLIN.

Argued February, 1904—Decided November 14, 1904.

1. A defendant in attachment, after appearing generally and filing a plea, may be heard on a motion to quash the levy made under the writ, but not to quash the writ.

2. A debt created by the decree of a court of equity for the payment of money only will sustain a writ of attachment.

3. Capital stock in a domestic corporation is subject to attachment under our statute, although the certificate of stock be in the possession of the debtor outside of the state.

4. The provisions of our Attachment act with regard to the mode of serving the writ are directory only, and substantial compliance with them is sufficient.

5. If the sheriff's return to a writ of attachment fails to show a legal execution of it, the return may be amended according to the facts.

On case certified.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiffs, *John F. Harned.*

For the defendant, *Wilfred B. Wolcott.*

The opinion of the court was delivered by

DIXON, J. The Camden Circuit has certified several questions for the advisory opinion of this court.

The first is: "Can the defendant, after appearing generally (in an action begun by a writ of attachment) and filing a plea, be heard on a motion to discharge the writ or to quash the levy thereunder."

This question seems to be sufficiently answered by the opinions of this court in *Heckscher* v. *Trotter,* 19 *Vroom* 419, *Moore* v. *Richardson,* 36 *Id.* 531, and *Sullivan* v. *Moffat,* 39 *Id.* 211, to the effect that in such circumstances the levy may be quashed, but the writ itself as a process to bring the defendant into court cannot be annulled. Indeed, after the defendant has entered a general appearance the process by which he was summoned has fulfilled its function in that respect and become unimportant.

The second question is: "Are costs taxed against the defendant in the Court of Errors and Appeals on an appeal from a decree in Chancery, such a debt as will sustain a writ of attachment?"

The decision of this court in *Van Buskirk* v. *Mulock,* 3 *Harr.* 184, gives a negative answer to this question, but the opposite view with respect to decrees for the mere payment of

money was maintained in the later case of *Mutual Fire Insurance Co.* v. *Newton,* 21 *Vroom* 571, and was definitely adjudged in *Bullock* v. *Bullock,* 28 *Id.* 508. ˙ If, therefore, the decree in controversy was of this simple character it will sustain the writ.

The third question is: "Is capital stock in a domestic corporation subject to be levied upon under a foreign attachment issued out of the Circuit Court of the county of Camden, the certificate of stock being in the possession of the debtor out of the state?"

This question is not full enough for certainty, but if it be assumed, as perhaps it may be on the certificate accompanying it, that the principal office of the corporation is in Camden county, and that under the corporate charter a complete formal transfer of the stock can be effected only by an entry on the books of the corporation, then the question should be answered in the affirmative. This was adjudged in *Curtis* v. *Steever,* 7 *Vroom* 304. It was there held that whether a share of corporate stock be treated as a "chose in action" or as some other kind of a "right," it was capable of being attached under our statute. The fact that the certificate of stock is outside of the state cannot disturb this conclusion. The certificate is only evidence of title to the right; the substance of the right is at the domicile of the corporation. Even if the *situs rei* were deemed to be attendant upon the person of the owner outside of the state, that would not necessarily defeat the levy of an attachment. In *National Fire Insurance Co.* v. *Chambers,* 8 *Dick. Ch. Rep.* 468, Vice Chancellor Pitney, after an elaborate examination of the cases, reached the conclusion that in cases of foreign attachment jurisdiction over choses in action depended not upon the presence of the chose within the territorial jurisdiction of the court but upon ability to serve process of garnishment within that territory. This conclusion is, I think, sound. When corporate stock is so far subject to the control of the corporation that its formal transfer cannot be perfected without the action of the corporation, process of garnishment may be effectually

served upon the corporation at its domicile. Such process warns the corporation not to perfect any transfer without the permission of the court, and thus subjects that matter to the jurisdiction of the court. What effect this will have upon the title of a subsequent *bona fide* purchaser for value need not now be considered.

The last question is: "Do the facts set forth in the sheriff's endorsement constitute a levy of an attachment;" that endorsement being: "Went to the office of the Laurel Spring Land Company and, in the presence of a witness, attached the rights and credits, goods and effects of the defendant, being one share of stock of said company in his name on the books of the company."

The statute (*Pamph. L.* 1901, *p.* 158, § 7) provides that the officer shall execute the writ "by going to the house or lands of the defendant, or to the person, or house of the person having custody or possession of the defendant's property and estate, and then and there declare, in the presence of one credible person at the least, that he attaches the rights and credits, moneys and effects, goods and chattels, lands and tenements of the defendant at the suit of the plaintiff."

The discrepancies between the endorsement and these provisions are manifest.

A proper levy should also, I think, in cases like the present, include a notice to the garnishee of the process issued and executed. Although this is not expressly directed by the statute it seems to be essential to the very purpose of the proceeding when there is nothing tangible to be seized.

But in *Thompson* v. *Eastburn*, 1 *Harr.* 100, this court held that the provisions of the statute as to the mode of service were only directory; that substantial compliance with them was sufficient, and that, if the officer's return failed to show such compliance, it was amendable according to the facts. To the same effect are *Morrel* v. *Buckley*, *Spenc.* 667; *Castner* v. *Styer*, 3 *Zab.* 236, and *Boyd* v. *King*, 7 *Vroom* 134.

The Circuit Court is advised accordingly.