## DU BOIS v. SEYMOUR.

(Circuit Court of Appeals. Third Circuit. March 4, 1907. On Rehearing, April 22, 1907.)

No. 39.

1. JUDGMENT—ACTION ON JUDGMENT—FORM.

The appropriate form of action at common law to recover an amount due on a judgment is an action of debt, and, although under a state practice such an action may be brought in assumpsit, the principles applicable thereto are those applicable to a common-law action of debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1720, 1721.]

2. SAME—JUDGMENT WHICH WILL SUPPORT ACTION—DECREE IN EQUITY.

While an action at law may be maintained on a final decree in equity to recover a sum adjudged by such decree to be due and owing, to support such an action the decree must be unconditional, and the sum adjudged to be due must be payable, in any event.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1719–1723.]

3. SAME—CONDITIONAL DECREE.

A decree in equity entered upon a petition of complainant for leave to substitute attorneys, which granted such leave on condition that he pay the attorneys originally employed certain sums for fees and disbursements, is not a final adjudication which is conclusive between the complainant and his counsel with respect to the amount due from him for their services and disbursements, and will not support an action at law to recover the sums therein conditionally required to be paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1719–1723.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

See 145 Fed. 1003.

Thomas H. Murray, for plaintiff in error.

Judson Harmon, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

LANNING, District Judge. The proceedings on this writ of error require, first, a determination of the exact nature of the action prosecuted in the court below. It is styled an action of assumpsit. In his declaration the plaintiff avers that in March, 1899, a cause in equity was pending in the Circuit Court of the United States for the Southern District of New York, in which John Du Bois was the complainant and the mayor, aldermen, and commonalty of the city of New York and others were defendants; that while the cause was pending John Du Bois died; that John E. Du Bois, the plaintiff in error here and the defendant below, was substituted, in his own right and as executor of the last will and testament of John Du Bois, deceased, as complainant in the cause; that John E. Du Bois, as sole devisee and executor, employed Henry Clark Johnson as solicitor in the cause, and John S. Seymour, the defendant in error here, and Eugene M. Harmon, who constituted the firm of Seymour & Harmon, and Judson Harmon, associate counsel; that Henry Clark Johnson, Seymour & Harmon, and Judson Harmon, in pursuance of their employment, began and continued actively the preparation and prosecution of the equity cause until on or about April 26, 1901, when John E. Du Bois, in his own right and as executor of the will of John Du Bois, deceased, presented to the court in which the equity cause was pending a petition praying for leave to discharge his then counsel and to substitute others in the cause; that on June 25, 1901, the cause was referred to a master of the court "to take testimony and report what was a fair and reasonable amount of counsel fees for the said solicitor and counsel, to wit, Henry Clark Johnson, Seymour & Harmon, and Judson Harmon"; that the master subsequently made a report to the court concerning the matters referred to him; and that the court, on November 24, 1902, entered the following decree:

"This cause having come on to be heard in May, 1901, upon a petition by the complainant for a substitution of attorneys, and being thereupon on June 25, 1901, referred to Arthur H. Masten, Esq., one of the standing masters of this court, to take testimony and report promptly what is the fair and reasonable amount of counsel fees (including disbursements) for all services of complainant's solicitor and counsel to date, and the report of said standing master, dated August 19, 1902, being now before the court, and all exceptions to the same overruled by order of November 21, 1902, and the court being satisfied with the reasonableness and propriety of said master's report, it is ordered and adjudged that the fair and reasonable amount of counsel fees, including disbursements, for all services of complainant's solicitor and counsel to June 25, 1901, the date of the order of reference, is as follows: To Judson Harmon, $1,000; to Henry C. Johnson, $2,500; to Seymour & Harmon, $7,500; and $1,450 incurred as disbursements by complainant's authority in the employment of Edward E. Quimby as a patent expert—and the order of substitution is made conditional upon the payment of said sums with interest on each item from June

25,·1901. It is ·further ordered and adjudged that there is due from complainant to Seymour & Harmon the sum of $674.50, paid by them for account of master's and stenographer's fees in this proceeding. It is further ordered and adjudged that there is due to Arthur H. Masten the sum of $387.5(, the balance of his fees as master in this proceeding. It is further ordered and adjudged that, upon payment of the foregoing sums, the complainant may substitute other solicitors and counsel in the place of his present solicitor and counsel."

It is also averred that an appeal was taken from the above decree to the United States Circuit Court of Appeals for the Second Circuit by the complainant John E. Du Bois (134 Fed. 570, 69 C. C. A. 112); that the decree was subsequently affirmed by the Court of Appeals, and that on November 21, 1904, the United States Circuit Court for the Southern District of New York, after receiving the mandate of the Court of Appeals, entered a decree in accordance with that mandate. It is further averred that "subsequent to the date of said final judgment" John S. Seymour, by the death of his partner, Eugene M. Harmon, and by deeds of assignments, became entitled to the interests of Eugene M. Harmon, Henry Clark Johnson, and Judson Harmon, in the decree, and that the amounts named in the decree were just and reasonable sums for the services rendered and for disbursements. The final averment is:

"That said final decree and judgment entered by the Circuit Court of the United States for the Southern District of New York against said John E. Du Bois, in his own right and as executor of the last will, etc., of John Du Bois, deceased, as aforesaid, for the sums aggregating $13,124.50, is unsatisfied and unpaid, and the whole thereof, with interest from June 25, 1901, is still due and owing, and for the same plaintiff claims judgment with costs, etc., against said John E. Du Bois, individually and as executor of the last will and testament of John Du Bois, deceased."

To the above declaration the defendant filed pleas in the following words: "And now, August 29, 1905, the above-named defendant pleads two pleas, to wit: (1) Nonassumpsit; (2) payment with leave."

By the common-law procedure, the appropriate form of an action at law to recover an amount due upon a judgment is an action of debt. Such an action lies for the recovery of a fixed and definite sum due upon a contract, whether it be a contract of record, like a judgment, or a contract by specialty or a simple contract. In such a form of action, therefore, the plaintiff must declare on a contract and must claim the amount alleged to be due on that contract. It differs from an action of assumpsit, in that the latter is for the recovery of damages for the nonperformance of a parol or simple contract. With this distinction in view, an examination of the declaration before us shows that the present action is not, according to the rules of the common law, an action of assumpsit. No parol or simple contract is set forth. No breach of such a contract is alleged. No damages for the nonperformance of such a contract are demanded. What the plaintiff has done is to set forth in his declaration a proceeding in equity, and a decree of a court of equity, which he calls a "final judgment and decree," and which he says "is unsatisfied and unpaid" and "is still due and owing." · The averments throughout the declaration relate

to an alleged contract of record—that is, to a judgment or decree— on which the plaintiff declares a certain definite sum is due to him. While, therefore, counsel for the plaintiff have not denied that the action is, under the practice established in the state of Pennsylvania, properly styled an action of assumpsit, or that the plea of nonassumpsit is by that practice allowable, the action is clearly one for the recovery of a debt, a sum certain, alleged to be due and owing from the defendant below to the plaintiff below upon a certain decree rendered by the United States Circuit Court for the Southern District of New York in a cause on the equity side of that court. It was so treated on the trial of the action, for, in addition to the proofs to show that the titles to the several sums named in the decree are now vested in John S. Seymour, no evidence was offered except exemplified copies of the proceedings in the Circuit Court of the United States for the Southern District of New York and the Circuit Court of Appeals for the Second Circuit. The defendants offered no proofs whatever. The course pursued was consistent with an attempt to prove a judgment or decree, and not damages. The principles to be applied to the present case must therefore be those that are applicable to a common-law action of debt on a judgment record.

In earlier days there was doubt whether a decree in equity should be allowed to rank with a judgment at law, or whether it could be the basis of an action of debt in a court of law; but there is no doubt on that question now. Final decrees of courts of equity have the same conclusive effect as to questions of fact determined by them as judgments at law. If a final decree adjudges a fixed and certain sum to be due and owing from the defendant to the complainant, and nothing more, an action at law may be maintained on it for the recovery of the sum so adjudged to be due and owing; but the decree must be an unconditional one. The specific sum of money adjudged to be due must be payable, in all events. If there be a condition annexed to the decree which renders it uncertain whether payment shall ever be obligatory, the decree is not a record on which the common-law action of debt, or any other action at law instituted for the purpose of recovering a debt, can be founded. We think these principles are established by Post v. Neafie, 3 Caines (N. Y.) 22; Pennington v. Gibson, 57 U. S. 65, 14 L. Ed. 847; Mutual Fire Ins. Co. v. Newton, 50 N. J. Law, 571, 14 Atl. 756; Cord v. Newlin, 71 N. J. Law, 438, 59 Atl. 22; Evans v. Tatem, 9 Serg. & R. 252, 11 Am. Dec. 717.

The record of the present case shows that, while the equity suit was pending in the United States Circuit Court for the Southern District of New York, the complainant became dissatisfied with his counsel, and filed a petition praying for leave to discharge his counsel and to substitute others in their places. That petition was referred to a master "to take testimony and report promptly what is the fair and reasonable amount of counsel fees (including disbursements) for all services of complainant's solicitor and counsel to date." It also provided that, "upon the coming in of said report, order of substitution will be made conditional upon the payment of said fees." The reference to the master was for the mere purpose of enabling the court to determine the condition on which the complainant should be allowed an order of

substitution. The master took testimony and subsequently reported
to the court the amounts he deemed "fair and reasonable" for counsel
fees and disbursements. This report having been confirmed, the de-
cree on which the present action is based was made. The primary
object of the petition was to obtain an order of substitution. The de-
cree was a provisional one only. It could not be successfully pleaded
in bar of an action at law for the recovery of the value of the services
of counsel or the amount of their disbursements. The power ex-
ercised by the court in making the decree was purely discretionary,
and its discretion, judicially and not arbitrarily exercised, was not
reviewable by the Circuit Court of Appeals. That such was the view
of that court is made clear by its language when the decree was before
it on appeal in Du Bois v. Mayor, 134 Fed. 570, 69 C. C. A. 112. It
said:

"The only question presented upon this review is whether or not the Circuit
Court erred in requiring, as a condition of the substitution of attorneys, that
the complainant should pay the attorneys originally employed by him a fair
and reasonable compensation for the services actually rendered and disburse-
ments made by them. We are of the opinion that the most favorable view
which can be invoked by the complainant is that the matter was discretionary
with the Circuit Court."

The decree on which the present action is founded was not in any
sense a decree finally and conclusively adjudging a sum of money to
be due and owing from the complainant to his counsel. It was simply
a decree declaring the condition on which the court would give to the
petitioner an order of substitution. If anything is due from the plain-
tiff in error to the defendant in error, redress must be sought in some
other form of action.

Having reached this conclusion, it follows that the judgment ren-
dered below against the plaintiff in error must be reversed. It is
unnecessary to consider the other questions presented by the specifica-
tions of error.

## On Petition for Rehearing.

PER CURIAM. In his petition for a rehearing of this case the
defendant in error misapprehends the purport of the opinion hereto-
fore filed. The case was not disposed of on the ground that the form
of the action was in debt. It was admitted that under the Pennsyl-
vania statute it was properly styled an action in assumpsit; but it
was stated that the principles applicable to the case, since the action
was one to recover a sum certain alleged to be due on a decree or
judgment, were the same as those that are applicable to an action in
debt at common law instituted for a like purpose. The conclusion was
that, as the decree was a conditional one, it could not be the basis of a
common-law action in any form whatever. To that conclusion we
adhere for the reasons stated in the opinion filed. The petition will
therefore be dismissed.

The plaintiff in error also filed a petition praying that this court,
instead of remanding the case to the court below for further pro-
cedure there, enter final judgment in favor of the plaintiff in error.
We think this petition also should be dismissed. It may be that after

the case is remanded to the Circuit Court the plaintiff there may desire to apply for leave to amend his declaration, so as to permit a jury to pass upon the question as to what, if anything, is due to him, and that that court may think such amendment ought to be allowed. For this reason we decline to enter final judgment in this court.

Both petitions will be dismissed, and it is so ordered.