WILLIAM E. HISOR v. ROBERT M. VANDIVER, PROSE-
CUTOR.

Submitted December 7, 1911—Decided March 12, 1912.

1. An order of the Circuit Court refusing to quash a levy made by
   virtue of a writ of attachment issued under section 84 of the
   Practice act is reviewable by *certiorari.*
2. Such a proceeding is not a common law action, but statutory.

On rule to show cause.

Before Justices GARRISON, PARKER and BERGEN.

For the defendant, *David W. McCrea.*

For the prosecutor, *Hugh B. Reed.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff obtained an order from a Su-
preme Court commissioner that a writ of attachment issue out
of the Hudson County Circuit Court against the defendant,
based upon damages caused to his automobile by the alleged
negligence of the defendant. The writ being issued and the
property of the defendant attached, he caused a bond with
surety to be filed, which, being approved by the court, an order
was made releasing the attached property from the lien of the
writ. Whereupon the defendant moved the Circuit Court to
quash the writ and discharge the bond given for the release
of the property. The Circuit Court having denied the appli-
cation, a rule to show cause why a writ of *certiorari* should not
issue to review the order of the Circuit Court was allowed,
which we are now moved to make absolute. The proceedings
were instituted under section 84 of the Practice act which
authorizes the commencement of an action by attachment, in
all cases where a summons might issue, upon proof of the ex-
istence of conditions prescribed by the act.

The first objection to the allowance of the writ is that proceedings of the Circuit Court in common law actions are not reviewable by the writ of *certiorari.* The answer to this is that the proceedings are not according to the course of the common law, for the proceedings under our Attachment act are statutory, and therefore subject to review by *certiorari. Curtis* v. *Steever,* 7 *Vroom* 304. An order of the Circuit Court refusing to set aside a writ of attachment under the statute of 1893, was reviewed by *certiorari* in *Watson* v. *Noblett,* 36 *Id.* 506, and the propriety of the proceeding was not questioned, and an order refusing to quash such a writ was reviewed by *certiorari* in *Franklyn* v. *Taylor Hydraulic, &c., Co.,* 39 *Id.* 113. Section 86 of the Practice act relating to the present procedure declares that upon filing the order of the commissioner and the bond required, the clerk shall issue the writ "and the practice and procedure in relation to the said writ, its effect, levy and return, and in relation to the custody and sale of personal property attached, shall be the same as in cases of attachment against non-resident debtors, and in relation to the vacation thereof when improperly issued, the same as setting aside an order for bail," and in the latter case, as provided by section 61 of the Practice act, the judge of the court out of which the writ issues shall consider and determine the sufficiency in fact as well as in law of the proof upon which the order is based. The order under review was made by an inferior court in a statutory proceeding, and the method taken to challenge it is proper.

We have given careful consideration to the contention of the plaintiff in the Circuit Court action that *certiorari* is not the proper method by which to review the order of the Circuit Court for the reason that the writ of attachment under section 84 of the Practice act is a form of process to compel appearance in a common law action (*Watson* v. *Noblett, supra*), and hence the order of the Circuit Court with respect thereto is reviewable by writ of error only. *Taylor Provision Co.* v. *Adams Express Co.,* 43 *Vroom* 220. We are of opinion, however, that the statutory proceeding in question goes beyond mere process and possesses incidents that did not inhere in the

common law attachment to coerce an appearance. By sections 90 and 91 the statute provides for special execution, and in some cases for special judgment and execution against the property attached which, during the pendency of the action, is held subject to these substantial statutory provisions. These features we think make the proceeding a statutory one *ab initio,* to be reviewed upon *certiorari* when a proper case is presented for *allocatur,* which is a highly desirable result in view of the irreparable injury that may ensue to the defendant whose property has been wrongfully attached, if his only remedy is by writ of error after final judgment has gone against him in the common law action.

The second objection urged in opposition to the rule is that the defendant having entered a general appearance by moving to quash the writ, he cannot now deny the sufficiency of the order upon which it is based, for the primary object of the writ is the bringing in of the defendant, and that has been accomplished.

It is not necessary to decide on this application whether the defendant by giving the bond and moving to dismiss the writ can be said to have appeared generally, because the motion denied included the discharge of the bond given to secure the levy under the attachment, which was in effect a motion to quash the levy, and defendant may, even after plea, move to quash the levy, though the writ stand as a summons. *Cord v. Newlin,* 42 *Vroom* 438; *Sullivan v. Moffat,* 39 *Id.* 211. The fact that the plaintiff did not file the bond, which the statute requires, before he took out his writ, raises a very serious question whether it was ever properly issued or can have any greater force than a summons, which would not support the levy, and there are other irregularities in the proceedings sufficiently debatable to justify the allowance of the writ.

The rule is made absolute.