## UNITED STATES v. HOFFMAN.

District Court, S. D. New York.
Dec. 31, 1946.

John F. X. McGohey, of New York City, for the United States.

Philip L. Leit, of New York City, for defendant.

RIFKIND, District Judge.

The complaint alleged that plaintiff is the assignee of a judgment of the Court of Chancery of New Jersey in favor of Standard Surety and Casualty Company of New York and against the defendant herein for $19,216, and for costs taxed in the amount of $441.54. It prays for judgment for the sum of these amounts with interest according to law.

The proof showed that on October 8, 1940, the Chancery Court of New Jersey made a decree in which the following appears:

" * * * and it further appearing that the essential facts in the bill are admitted by the pleadings of said defendants, and the court being satisfied that the said defendants jointly and severally covenanted that in the event the complainant should deem it necessary and proper, in order to comply with the law, or with the regulations of the Insurance Department of any state, to set aside as loss reserve an amount to cover any unadjusted claim or claims in connection with complainant's bond thereafter written in behalf of the Barnard Manufacturing Company, a corporation, to the United States of America to secure the performance of a certain contract between Barnard Manufacturing Company and the United States of America, the said defendants will immediately upon demand deposit with the complainant and [sic] amount of money sufficient to cover such claim or claims, such sum to be held by complainant as collateral security on said bond or bonds; and that the United States of America alleges that the said Barnard Manufacturing Company defaulted in the performance of its contract and makes claim against the Barnard Manufacturing Company for $38,419.00

and against the complainant for the full amount of the penalty on said bond, namely, $19,216.00; that the said complainant has set up a loss reserve in that amount and has demanded that the said defendants, as agreed, deposit with it the same sum, which they have refused to do;

"It is therefore, on this 8th day of October, 1940,

"Ordered, adjudged and decreed, that the answer of the defendants Caravel Industries Corporation and Samuel D. Hoffman be and the same is hereby struck out;

"And it is further ordered, adjudged and decreed that the said defendants, within twenty days after service upon them of a true, but uncertified copy of this decree, pay the complainant the sum of $19,216.00, or if the defendants elect within that time so to do, they may deposit with the complainant good securities of the reasonable market value of $19,216.00 to be approved as to their value by T. McCurdy Marsh, Esq. one of the Masters of this Court, said monies or securities, as the case may be, to be held by the complainant separate from its other funds, as collateral until the further order of this Court. Income on any such securities received by the complainant shall be paid to the defendant,

"And it is further

"Ordered, adjudged and decreed that the said defendants pay to the complainant the costs of this suit to be taxed, including a counsel fee of three hundred fifty dollars, which is hereby allowed to complainant. Either party may apply at the foot of this decree for relief or instructions, if occasion arise.

"Respectfully advised,
          "Luther A. Campbell
          "C.
"Jno. O. Bigelow
          "V. C."

It is now well settled, despite a considerable history of doubt,[1] that a decree in equity of one state for the payment of a sum certain will support an action in a sister state. Carpenter v. Thornton, 1819, 3 B. & Ald. 52; Henderson v. Henderson, 1844, 6 Q.B. 288; Post v. Neafie,

[1] Barbour, The Extra-Territorial Effect of the Equitable Decree, 1919, 17 Mich.Law Review 527, 539.

580

1805, 3 Caines, N.Y., 22; Pennington v. Gibson, 1853, 16 How., U.S., 65, 76, 14 L. Ed. 847.

Moreover, New Jersey has provided by statute that a decree of Chancery has "the force, operation and effect of a judgment at law in the supreme court." Rev.Stat. of N.J.1937, Sec. 2:29–57, N.J.S.A.

However, this court can give no greater effect to a New Jersey decree than the courts of that state give it; and plaintiff can have here, by virtue of that decree, no greater rights than in New Jersey. U.S.Const. Art. 4, Sec. 1; 28 U.S.C. A. § 687; Hampton v. McConnell, 1818, 3 Wheat., U.S., 234, 4 L.Ed. 378; Fauntleroy v. Lum, 1908, 210 U.S. 230, 237, 28 S. Ct. 641, 52 L.Ed. 1039; Junghans v. Junghans, 1940, 72 App.D.C. 129, 112 F.2d 212, 213.

Had the decree directed defendant to pay a sum certain to plaintiff's assignor, it would be entitled to full faith and credit, and support the relief which plaintiff prays. Restatement, Judgments, Sec. 47, comment f; Restatement, Conflict of Laws, Sec. 434, comment c; Du Bois v. Seymour, 3 Cir., 1907, 152 F. 600, 603, 11 Ann.Cas. 656. But the decree falls short of that. It commands the defendant to deposit a sum certain with the assignor, to be held by the latter "separate from its other funds, *as collateral until the further order of this court.*"

Such a decree lacks that finality which is an essential ingredient of plaintiff's claim. Restatement, Conflict of Laws, Sec. 434; Freeman, Judgments, 5th Ed., Secs. 1066, 1452.

The judgment for costs, being final, certain in amount, unconditional and unvacated, is enforcible by the pending action. Plaintiff is therefore entitled to judgment for $441.54 plus interest thereon from October 18, 1940 (date when "costs" were filed) at the rate of 6% per annum.[2]

Since plaintiff has not moved to amend its pleading, I find it unnecessary to decide the intriguing question whether the New Jersey decree will support a judgment in this court for the identical relief granted in Chancery.

---

[2] New Jersey has no statute which permits the recovery of interest on a judgment or decree. The practice in that state, however, is to permit the collection of interest. Simon v. New Jersey Asphalt & Paving Co., 1939, 123 N.J.L. 232, 8 A.2d 256, 258; Erie Ry. Co. v. Ackerson, 1868, 33 N.J.L. 33, 35, 36. The judgment or decree bears interest at six per cent. Wilson v. Marsh, 1861, 13 N.J.Eq. 289.