LILLIE B. SMITH, ADMINISTRATRIX, PETITIONER-
RESPONDENT, v. LEANDER CORSON, DEFENDANT-
PROSECUTOR.

Submitted July 2, 1914—Decided February 19, 1915.

A deceased workman fell from a scaffold upon which he was not work-
ing in the course of his employment, but on the contrary had been
told by his employer to keep off scaffolds and not to do any
climbing. *Held*, that the injuries which caused his death did not
arise out of and in the course of his employment, and that there
can be no recovery for such death against the master.

On *certiorari* to the Cape May County Common Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the defendant-prosecutor, *W. Holt Apgar* and *Andrew
C. Boswell.*

For the petitioner-respondent, *Wescott & Wescott.*

The opinion of the court was delivered by

KALISCH, J.   The facts found by the trial judge pertinent
to the inquiry before us are as follows:   The petitioner's de-
cedent was employed by the prosecutor as a carpenter and
jobber; that on the 21st day of April, 1913, the deceased
was working on or about a building, which was in the course
of erection by the prosecutor; that during the early part of
the afternoon of that day the petitioner's decedent fell from
the end of a plank lying diagonally across a scaffold four-
teen feet high and that as a result of his fall three ribs were
broken, and his elbow and thigh were fractured and of which
injuries he died two weeks later; that there was no evidence
that the injury was intentionally self-inflicted or that the
decedent was intoxicated.   From the testimony adduced by
the prosecutor, the defendant below, the trial judge further
found that the decedent was not a healthy, strong man of

which fact the prosecutor had knowledge, and that because of the decedent's physical condition he was employed at less than the regular wage of a carpenter and was told by the prosecutor, his employer, to keep off scaffolds and not to do any climbing; that the scaffold from which the decedent fell was firm and strong and did not give way, but that the fall was caused by the decedent stepping on the end of a plank lying diagonally across the scaffold, which plank was no part of the scaffold and was placed there by the decedent himself; that there were on the scaffold no tools, sawed boards or sawdust to indicate that the decedent was actually working at the time he fell, nor were any tools found on the ground under the scaffold from which the decedent fell.

Upon these facts the trial judge based a further finding that the injury resulting in the death of the decedent was due to an accident arising out of and in the course of his employment and gave judgment for the petitioner.

This latter finding cannot be reconciled with the other facts found by the trial judge and is expressly gainsaid by his finding of fact, that the decedent was told by his employer "to keep off scaffolds and not to do any climbing." The decedent's presence on the scaffold was in direct disobedience of his master's orders. His mishap and death were directly due to his own disregard of his master's express orders. He was on the scaffold, not in the course of his employment but in direct violation of it, and therefore it cannot be said that the injuries which caused his death arose out of his employment.

Whether death was by accident arising out of and in the course of employment presents a mixed question of law and fact.

Where it appears that the accident occurred while the servant was in the doing of an act which he was expressly forbidden by his master to do, recovery cannot be had. *Reimers* v. *Proctor Publishing Co.*, 85 *N. J. L.* 441.

This conclusion necessitates a reversal of the judgment, which will be without costs, and with the direction that the record be remitted for a new trial.