WEST JERSEY TRUST CO., ADMINISTRATOR, &c., OF AMOS B. CALLOWAY, DECEASED, PROSECUTOR, v. PHILADELPHIA AND READING RAILWAY COMPANY, DEFENDANT.

Submitted July 1, 1915—Decided November 3, 1915.

1. The Workmen's Compensation act of 1911 created an irrebuttable presumption in the absence of an express contract or notice therein provided, of the assent of the parties to a new contract or *quasi* contract, whereby in case of injury or death there should be compensation according to the statutory scheme. Hence, this statute must be taken to have superseded pre-existing arrangements between the parties, and among them the release in advance of all claims for "damages" in view of a membership in a relief association.

2. A release, made by a widow *qua* widow, cannot bind the personal representative of the deceased who sues in his rights under the Workmen's Compensation act, which provides for the awards based on the existence of children as well as the widow.

On *certiorari* to finding of Court of Common Pleas in Workmen's compensation case.

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *S. Conrad Ott.*

For the defendant, *Edward L. Katzenbach.*

The opinion of the court was delivered by

PARKER, J. Deceased was killed while in the employment of defendant, by an accident arising out of and in the course of his employment. The trial court found for the defendant on points of law. There is no substantial dispute as to the facts. Deceased was a brakeman, and was first employed by defendant in Philadelphia as an "extra" June 21st, 1910, and as a "regular" May 26th, 1911. Our Compensation act went into force July 4th, 1911. Deceased was killed on

November 13th, 1911, while at work in New Jersey on a train engaged in interstate commerce. He left a widow and two young children.

We think that all the grounds urged against a recovery of compensation have been decided adversely to respondent, except perhaps the last.

1. That as deceased was engaged in interstate commerce, the federal act is exclusive. It is decided otherwise in *Rounsaville* v. *Central R. R. Co.*, 87 *N. J. L.* 371.

2. That deceased was willfully negligent. But willful negligence is not a defence under section 2 of the act. See *Taylor* v. *Seabrook*, 87 *N. J. L.* 407.

3. That the act is inapplicable on account of the rule of *lex loci contractus*. *Aliter* in *American Radiator Co.* v. *Rogge's Administrator*, 86 *N. J. L.* 436; affirmed, 87 *Id.* 314.

4. That the claim is barred by a release by decedent in his lifetime contained in his application for admission into the railroad relief association, and a further release by his widow on receipt of the death benefit from said association.

The first seems to refer to damages only. The Compensation act, as has more than once been pointed out, created a right of recovery contractual in its nature, and irrespective of negligence or other common law liability on the part of the employer. *American Radiator Co.* v. *Rogge, supra*; *Jacowicz* v. *D., L. & W. R. R. Co.*, 87 *N. J. L.* 273.

But apart from this, the statute of 1911, which was on the statute book at the time of the second employment (see *Sexton* v. *Newark District Telegraph Co.*, 84 *N. J. L.* 85, 96 et seq.; affirmed, 86 *Id.* 701) created an irrebuttable presumption in the absence of an express contract or notice as therein provided, of the assent of the parties to a new contract or *quasi* contract, whereby in case of injury or death there should be compensation according to the statutory scheme. *American Radiator Co.* v. *Rogge, supra*. This must be taken to have superseded pre-existing arrangements between the parties, and among them the release in advance of all claim for "damages" in view of the membership in the

relief association. The subsequent release of the widow, which by its recitals is expressly founded upon the agreement contained in the membership application, and which includes the relief association as a party released, must be held as a matter of construction to be limited in its application to the rights and liabilities of the parties as they would have existed if the Compensation act had not been passed. This construction is fortified by considering that the act of 1911, by paragraph 12 (*Pamph. L., p.* 139) provides for awards based on the existence of children as well as the widow, and for distribution to them in case of intestacy, according to the intestate law of this state. The release is made by the widow *qua* widow, and of course cannot bind the personal representative of the deceased, who sued in right of the statute.

These views result in a reversal of the judgment. The judge who tried the case having gone out of office, the matter must be retried, unless the parties agree to submit it on the evidence already taken. *Long* v. *Common Pleas,* 86 *Atl. Rep.* 529. The costs will abide the event of the suit.