ANTONI KOLASZYNSKI, ADMINISTRATOR, RESPONDENT, v.
JOHN H. KLIE, PROSECUTOR.

Submitted July 5, 1917—Decided October 8, 1917.

Where an employe, in doing work which was expected to be done at
a place where it was meant to be done, meets with an accident
by reason of disobedience of orders as to the way in which the
work should be done, the case is governed by the provisions of
section 2 of the Workmen's Compensation act, and the dece-
dent's negligence is no bar to a recovery.

On *certiorari* to the Hudson Pleas.

Before Justices SWAYZE, BERGEN and BLACK.

For the respondent, *Blatt & Lesser* and *John V. Laddey.*

For the prosecutor, *Charles W. Kappes.*

The opinion of the court was delivered by

SWAYZE, J. The decedent was employed as a servant in
defendant's family. Part of her duty was to light the fires.
She had been forbidden to use kerosene, "or anything like
that," to assist her in lighting a fire. She used wood alcohol
and was burned to death by reason thereof. The trial judge
held that she was entitled to compensation under the act of
1911. We agree. The case arises under section 2 and the de-
cedent's negligence is no bar to a recovery. The only ques-
tion is whether the injury was by accident arising out of, and
in the course of, her employment. That it was by accident
is not questioned. It was a fortuitous event which might
indeed be expected but might never happen. We must con-
clude that it arose out of, and in the course of, the employ-
ment, unless the disobedience of orders prevents that conclu-
sion. The disobedience of orders in this case was a disobedi-

ence of orders as to the way in which the work should be done. The work itself was the very work decedent was expected to do. It was done at the very place where it was meant to be done. The case differs from *Reimers* v. *Proctor Publishing Co.,* 85 *N. J. L.* 441, and *Smith* v. *Corson,* 87 *Id.* 118. The case resembles *Whitehead* v. *Reader,* 1901, 2 *K. B.* 48, rather than *Barnes* v. *Nunnery Colliery Co., Limited,* 1912, *A. C.* 44. A useful review of the English cases is to be found in the judgment of Lord Dunedin in *Plumb* v. *Cobden Flour Mills Co., Limited,* 1914, *Id.* 62.

The judgment is affirmed, with costs.