NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

THOMAS SIMPSON, petitioner,

*v.*

ELWOOD VERTTY, respondent.

**Loss of Fingers by Circular Saw—Employment at Time of Accident Disputed—Rate of Wages to be Determined—Respondent Claims Previous Discharge of Employe.**

*Mr. Charles A. Malloy,* for the petitioner.

*Mr. Ryman Herr,* for the respondent.

This is a case coming up for determination under the provision of the Workmen's Compensation act, in which the petitioner seeks compensation for temporary disability and permanent injury resulting from the amputation of two

fingers by a circular saw.    The fact of the accident and re-
sulting injury are not disputed.    The questions to be de-
cided are: Was the petitioner in the employ of the respond-
ent at the time of the occurrence, and, if so, what was his
rate of wage?

With respect to the former question, there can be no doubt
that the petitioner, Mr. Simpson, entered into employment
for Mr. Vertty.    The fact that someone else met the peti-
tioner at the train, and had the preliminary interview with
him, is irrelevant, since upon reaching the farm Mr. Vertty
retained him, and an agreement was effected for $20 a month
with lodging and board.    This agreement seems to have
been tentative for one month, at the expiration of which time
Mr. Vertty expressed his dissatisfaction with the results,
and directed the petitioner to leave.    This Mr. Simpson was
disinclined to do.    The respondent would have it appear that
the petitioner had been duly and fully discharged.    The
petitioner would have us believe he had not been actually
discharged but retained in the employment.    On the stand
the wife of the respondent rather reluctantly admitted that
the petitioner had been allowed to remain, to render such
service as he was able to perform in exchange for board and
lodging, no money value being placed on this remuneration.
From the general trend of all the testimony, I am forced to
the conclusion that this is the correct version of the situa-
tion, and, if so, the act establishes the value of the board
and lodging at $5 per week, which must be considered the
wage rate in this case.

It is argued by respondent's attorney that this injury oc-
curred as the direct result of Mr. Simpson's disobedience of
orders to keep away from the saw.    In view of the case of
*Kolaszynski* v. *Klie, 102 Atl. Rep. 5,* the validity of this
defense is of doubtful merit.    However, considering the con-
flicting testimony with regard to Mr. Simpson's presence at
the place where the wood sawing was being done, it seems
uncertain as to just what was said, and what attitude the
respondent took.    He may have given peremptory orders for
the petitioner to go elsewhere, and if there was testimony

indicating this it was by the respondent's wife or her brother, and hence not entirely disinterested. Furthermore, it is to be noted that, while this respondent is unable to read or write, he is of rather exceptional personality, impressing one as being unusually forceful, and I cannot escape the conclusion that had he actually given an order he would have been satisfied with nothing short of complete observance thereof. I incline to the belief that his address to the petitioner was more in the line of an admonition, and that since the petitioner's contract of employment contemplated his performing about the farm such service as he could render, he did not take himself outside the scope of his employment by assisting at the wood pile.

The statute provides that compensation shall be equal to the wage, if same be below $8 per week. The compensation rate will therefore be five dollars ($5) per week in this case. An order will be drawn up for compensation for the temporary disability and permanent injury experienced.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*