NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

JOSEPH KRAPOWITCH, PETITIONER, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

**Injury to Eyes—Extent of Injury, Whether Permanent and to What Degree.**

On petition for compensation. On finding of facts, determination and rule for judgment.

This is a workmen's compensation case brought under chapter 95 of the laws of 1911, and the supplements and amendments thereto, and was held before the Honorable Harry J. Goas, deputy commissioner of compensation, at No. 9 Franklin street, Newark, New Jersey, on Wednesday, the 10th day of September, 1924, the petitioner being represented by Samuel Press, his attorney, and the respondent by its attorney, James O. Boyd.

From the facts presented at the hearing it appears that the petitioner, Joseph Krapowitch, who resides at No. 21 Warren street, Newark, New Jersey, was employed by the respondent to work on an electric motor, and on February 15th, 1924, some sand fell on the commutator of the said motor, causing a bright flash which temporarily blinded the petitioner. .

All the facts as to the happening of the accident were admitted by the respondent, the only question at issue being whether the petitioner sustained a permanent injury to the eyes or any permanent disability whatsoever as the result of the accident.

The petitioner, who was thirty-four years of age, was employed as an electrician and worked in a pit on the motors of trolley cars, and on the day when this flash occurred he was sent to Dr. Holmes, the company physician. The doctor said that he found an inflamed condition of the eye, which

he treated, and after the inflammation subsided he found that the petitioner had a defect in vision, which was in no way connected with the accident, and for which he prescribed glasses.

The only other medical testimony as to whether or not the petitioner had suffered a permanent loss of function of the eye was the testimony of Dr. Samuel Hirschberg, who testified on behalf of the petitioner. The doctor, after a lengthy direct and cross-examination, testified (on *p.* 45), that the petitioner has twenty-seventieth vision in the left eye and twenty-fortieths vision in the right eye without the aid of glasses, and with the aid of glasses his vision is pretty nearly normal in both eyes. On page 48 of the testimony, in answer to the question: "*Q.* What is the name of the condition that causes this refractive error? *A.* Myopic astigmatism. *Q.* That was not caused by the accident, was it? *A.* I doubt it." So, that it would seem from the doctor's testimony that it was the doctor's opinion that the myopic astigmatism, which was causing the defective vision, was not due to the accident.

Under the case of *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458, the burden of proof is on the petitioner to prove that he is suffering as the result of an accident arising out of and in the course of his employment.

In this case the petitioner's own doctor testified that he would not say that myopic astigmatism was due to the accident, and, in the case of *Reimers* v. *Proctor Publishing Co.,* 89 *A ll. Rep.* 931; 85 *N. J. L.* 441, it was held that where the doctors refuse to state that death was caused by the accident there is no basis for an inference to that effect by the court, and we feel that in the case at bar, where the petitioner's doctor refused to state that the disability to the eyes was the result of the accident, and bearing in mind that the respondent's doctor, who treated the petitioner immediately after the accident, states positively that the present condition of the eyes of the petitioner is not due to the accident, we feel that the petitioner has failed to sustain the burden of proof required by law and that the case should be dismissed.

It is therefore, on this 12th day of June, 1925, ordered that judgment final enter in favor of the respondent and against the petitioner, and that the petition be dismissed and the prayer of the petitioner denied.

HARRY J. GOAS,
*Deputy Commissioner.*