NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANNIE R. PEPOON, PETITIONER, v. SAMUEL RACHELS, RESPONDENT.

**Death of Truck Driver in Accident—Facts Regarding Nature of Employment at Time of Accident Complicated—Held, That Accident Occurred in Course of Employment.**

On petition for compensation.

For the petitioner, *Jacob I. Jaffe.*

For the respondent, *Frank G. Turner.*

\*       \*       \*       \*       \*       \*       \*       \*

2. That Robert Pepoon, son of the petitioner, was employed by the respondent as a truck driver on or about the 15th day of March, 1924, and that he continued in such employment up to the 15th day of March, 1925; that his duties consisted of going to the various railroad depots and handling newspapers at said depots for the respondent, and delivering the said newspapers among the several routes to the customers of the said respondent.

3. That the son of the petitioner at the time of the injuries received for his services wages amounting to thirty ($30) dollars per week.

4. That on the 15th day of March, 1925, Robert Pepoon, the son of petitioner, was engaged in the capacity above mentioned, and his duties, as testified to by the respondent, were to go to the depot of the Delaware, Lackawanna and Western railroad at Hoboken, New Jersey, and there handle newspapers for delivery on the truck operated by the respondent.

5. That on said date the said Robert Pepoon made arrangements with the respondent to leave for Hoboken at an

hour later than the usual time, and did arrive at Hoboken by a conveyance other than the truck operated by the respondent. The respondent's testimony on that point was that the deceased had an errand to do in Passaic and would be detained, and the respondent consented to the arrangement and stated that as long as he, Robert Pepoon, deceased, would get there in time to handle the papers, it would be satisfactory.

The testimony of the respondent was that in getting to Hoboken, the usual route taken by his drivers, was the Paterson Plank road in East Rutherford, and then south into Hoboken. On the night of the accident the deceased procured an automobile belonging to a friend and proceeded along Paterson Plank road, and at a certain point he engaged another friend and made arrangements with him to drive this automobile back from Hoboken to Passaic.

He met his friend on Paterson Plank road en route to Hoboken. The testimony was that, after proceeding some distance from where he met his friend and along Paterson Plank road, a truck or automobile came in the opposite direction and forced the car in which the deceased and his friend were riding off the road and into a telegraph pole, causing the car to turn over and throwing the deceased into a ditch, as a result of which injuries received the deceased died forty-eight hours afterwards.

There is no doubt that if the accident had occurred while Robert Pepoon was on his personal errand that no recovery could be had. If the accident had happened on a road to which Robert Pepoon could have deviated on his private business, then no recovery could be had in that instance for compensation. But in view of the fact that testimony was adduced that the deceased was proceeding on the usual route employed by the respondent's drivers, and in view of the fact that arrangements had been made to bring the automobile back from Hoboken by the witness, who was with the deceased at the time of the accident, there can be no doubt that the deceased was engaged in his usual and general duties for which he was employed by the respondent.

This accident occurred while the deceased was carrying out the duties of the respondent, and since the accident arose out of and in the course of employment, the respondent is therefore liable to the dependents of the deceased for compensation in accordance with law. On this night he was on his way to Hoboken in an automobile instead of a truck and at a later hour, by special arrangement made previously with his employer. ' He was accordingly engaged in the work of his employer, and since the accident might well have occurred earlier in the evening while in the truck of the respondent, no prejudice is shown. The respondent, by acquiescing in this arrangement, tacitly assumed any additional hazards, if there were any.

In the case of *Kolaszynski* v. *Klie,* 102 *Atl. Rep.* 5, the court was confronted with the question as to whether or not an employe was entitled to compensation where she had disobeyed instructions as to the manner of doing her work. In that case the employe used wood alcohol to assist her at lighting a fire, although she was instructed never to use kerosene or anything like that, and the court said that "it was a fortuitous event, which might, indeed, be expected, but might never happen. We must conclude that it arose out of and in the course of employment unless the disobedience of orders prevents that conclusion. The disobedience of orders in this case was a disobedience of orders as to the way in which the work should be done. The work itself was the very work decedent was expected to do. It was done at the very place where it was meant to be done." So, in the case at bar, the decedent was expected to drive along this particular route in order to reach his destination where he was to unload papers. In the case at bar the decedent followed the instructions of the employer, and this case makes out a stronger case for the dependents than the case of Kolaszynski *v.* Klie.

6. That the petitioner incurred expenses for medical services and for burial of the said Robert Pepoon amounting to two hundred ($200) dollars, of which amount $150 represents the allowance made by law for funeral expenses.

7. I find, therefore, that the petitioner is entitled to compensation for a period of three hundred (300) weeks, and I find further that the petitioner, Annie R. Pepoon, is entitled to eighty-six (86) weeks' compensation at the rate of thirteen dollars and fifty ($13.50) cents per week from March 18th, 1925, to December 5th, 1926, which period covers the period of dependency of the dependents, Bernard D. Pepoon and Anna Pepoon, and that from and after December 5th, 1926, petitioner, Annie R. Pepoon, is entitled to compensation of eighty-five (85) weeks at the rate of twelve ($12) dollars per week from the said 5th day of December, 1926, to the 13th day of August, 1928, which said period covers the period of dependency of the dependents, the petitioner, Annie R. Pepoon, and the dependent, Anna Pepoon, and from and after the said 13th day of August, 1928, the petitioner is entitled to compensation for a period of one hundred and twenty-nine (129) weeks at the rate of ten dollars and fifty cents ($10.50) per week.

The legal adviser of the petitioner is entitled to compensation (to be determined as hereinafter provided) in addition to his costs allowed by law in the sum of forty-three ($43) dollars for stenographic fees, to be paid in the following manner, that is to say—

9. Costs will be allowed the petitioner.

It is therefore on this 2d day of November, 1925, ordered that judgment finally be entered in favor of the petitioner, Annie R. Pepoon, and against the respondent, Samuel Rachels, in the sum of thirty-five hundred and thirty-five dollars and fifty ($3,535.50) cents, for a period of three hundred (300) weeks, beginning with the 18th day of March, 1925, payable as follows:

The sum of three hundred and ninety-one dollars and fifty ($391.50) cents, being compensation from March 18th, 1925, to October 26th, 1925, shall be paid forthwith.

The sum of thirteen dollars and fifty ($13.50) cents per week up to and including December 5th, 1926.

The sum of twelve ($12) dollars commencing the 5th day of December, 1926, up to and including August 13th, 1928,

and from and after the said 13th day of August, 1928, the sum of ten dollars and fifty ($10.50) cents per week for a period of one hundred and twenty-nine (129) weeks from said date.

It is further ordered that the said respondent pay to petitioner forthwith funeral expenses in the sum one hundred and fifty ($150) dollars.

The question of attorney fee will be disposed of later by a supplemental determination and order.

HARRY J. GOAS,<br>
<em>Deputy Commissioner.</em>