NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GAETANO FIADINE, KNOWN AS TONY FRENO, PETITIONER, v. FLORENCE PIPE AND FOUNDRY COMPANY, RESPONDENT.

**Injury to Eye—Alleged Violation of Orders, in That Goggles Supplied Were Not Used—Rule in Kolaszynski v. Klie, That the Disobedience of Orders was as to the Way the Work was Done, Not Disobedience in Doing the Work, Followed and Judgment for Petitioner.**

On determination of facts and rule for judgment.

For the petitioner, *Frank T. Lloyd, Jr.*

For the respondent, *Robert Peacock.*

\*      \*      \*      \*      \*      \*      \*

That petitioner, on May 23d, 1925, met with an accident while in the employ of the respondent as a chipper of cast-iron pipes, and suffered an injury to his left eye, permanently impairing the sight thereof; that the respondent had immediate notice of said accident; that the petitioner's wages amounted to $27 per week; that the accident arose out of and in the course of his employment.

The sole defense to this action is that petitioner acted in direct disobedience of his employer's orders. Testimony on this phase of the case was gone into extensively. The petitioner testified that on various occasions prior to the accident he had been supplied with goggles by the respondent, but that he was unable to perform his work with them as they were too dark. Several other witnesses of the respondent testified that they occasionally did this chipping work without goggles. Respondent's witness Mr. Ohler testified that he cared for the eyes of the men who were injured,

and he had numerous cases of chippers similar to this of the petitioner.

In the case of *Kolaszynski* v. *Klie*, 102 *Atl. Rep.* 5, the court was confronted with the question as to whether or not an employe was entitled to compensation where she had disobeyed instructions as to the manner of doing her work. In that case the employe used wood alcohol to assist her at lighting a fire, although she was instructed never to use kerosene or anything like that, and the court said that "it was a fortuitous event, which might, indeed, be expected, but might never happen. We must conclude that it arose out of and in the course of employment, unless the disobedience of orders prevents that conclusion. The disobedience of orders in this case was a disobedience of orders as to the way in which the work should be done. The work itself was the very work decedent was expected to do. It was done at the very place where it was meant to be done."

So, in the case at bar, the petitioner was doing the very work he was expected to do, in the very place and manner it was meant to be done, in accordance with his employer's instructions. This presents a stronger case for the petitioner than in the one cited above.

Dr. Sweet, the respondent's physician, who treated petitioner, testified that he considered the eye to be affected to the extent of fifty per cent. with the assistance of glasses, and without glasses an impairment of ninety per cent. Following the case of *Johannsen* v. *Union Works*, 117 *Atl. Rep.* 639, I find the petitioner's injury to be ninety per cent. loss of an eye.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

W. E. STUBBS,
*Deputy Commissioner of Compensation.*