PATRICK J. MORRIS, BY HIS NEXT FRIEND, JAMES MORRIS, PETITIONER-DEFENDANT IN CERTIORARI, v. JAMES BELL COMPANY, INCORPORATED, A CORPORATION, RESPONDENT-PROSECUTOR IN CERTIORARI.

Argued January 20, 1932—Decided April 29, 1932.

. Before Justices TRENCHARD and DONGES. ·

For the respondent-prosecutor in *certiorari, Coult, Satz & Tomlinson* (*Joseph Coult* and *John J. Francis,* of counsel).

For the petitioner-defendant in *certiorari, Cohen & Klein* (*Philip Klein,* of counsel).

PER CURIAM.

This writ brings up for review a judgment of the Essex County Court of Common Pleas awarding compensation to the petitioner in a workman's compensation case.

It appeared that the workman, Patrick J. Morris, filed a petition for compensation with the workmen's compensation bureau alleging that on August 23d, 1930, while in the employ of the James Bell Company, Incorporated, he was injured in an accident arising out of and in the course of his employment, and asking compensation.

The company filed an answer admitting that the petitioner was in the employ of the company at the time of the accident, but averring that "petitioner, contrary to specific instructions to refrain from riding on the top of cab of truck, rode on top of cab of truck and as the truck was passing under an overhead bridge, he was injured by coming in contact with the bridge."

The deputy commissioner after hearing found that the accident arose out of and in the course of the employment and awarded compensation. The company thereupon appealed to the Common Pleas and there judgment final was entered for the workman.

The sole contention of the company is that the accident suffered by the petitioner did not arise out of the employment, the contention being that the proximate cause of the workman's injury was the violation of his employer's orders. The company concedes that the workman's "duty required him to ride on the truck and that he was entitled to com-

pensation for injuries accidentally received while so riding," but the company insisted *at the trial* that "his employment in this respect was limited by the express order of his employer not to ride on the rack" and that only a violation of those orders could have placed his head and shoulders where they were at the time of the accident.

It may well be questioned whether the evidence showed that such order was given "not to ride on the rack." It may also be questioned whether the evidence showed a violation thereof, if the order was given. The petitioner denied that he was instructed not to ride on the rack and testified that his feet were at all times resting on the bottom of the truck. The testimony was uncontradicted that there were no seats in the body of the truck.

The truck was a two-ton Federal, with an open rack body with canopy top to be thrown over in case of rain, the racks being six feet six inches from the body of the truck. The racks on the truck consisted of lattice strips running from one end to the other and along the full side of the truck, and there were spaces between the strips of about eight to ten inches wide. So in any event it seems quite clear that, if the instruction was as the company alleged in its answer "to refrain from riding on the top of cab of the truck," the workman did not violate that instruction; indeed there was no evidence at the hearing that the petitioner had been instructed to refrain from riding on the top of the cab of the truck.

So far as the evidence discloses no one actually saw the accident; but it is certain that the workman was hit on the head by something as he was passing the bridge. It may well be that the reasonable conclusion to be drawn from the testimony was that his head came in contact with the bridge while he was sitting or standing with his head protruding between the ribs of the rack, and it is insisted by his counsel that this was not a violation of the instructions which the company claim to have given him.

But assuming that it was, it would appear from the authority of the case of *Kolaszynski* v. *Klie*, 91 *N. J. L.* 37; 102 *Atl. Rep.* 5, that a workman's disobedience of an order as to the

way in which the work should be done does not result in the conclusion that the injury did not arise out of the employment. If there was a disobedience of an order in this case, it was, as was said by Mr. Justice Swayze in Kolaszynski v. Klie, "a disobedience of orders as to the way in which the work should be done. The work itself was the very work decedent was expected to do. It was done at the very place where it was meant to be done," and in that case the employer was held liable, the court pointing out in that case that it differed from *Reimers* v. *Proctor Publishing Co.*, 85 *Id.* 441; 89 *Atl. Rep.* 931, and *Smith* v. *Corson*, 87 *N. J. L.* 118; 93 *Atl. Rep.* 112. Mr. Justice Swayze in that case referred to the English cases and concluded that his decision was in accord with the pertinent English cases.

And so upon the whole case, in any view of it, the judgment must be affirmed, with costs.