NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN BUBIS, PETITIONER, v. FLOCKHART FOUNDRY COMPANY, RESPONDENT.

Decided March 11, 1937.

For the petitioner, *Perry E. Belfatto.*

For the respondent, *Edward R. McGlynn* (by *Joseph Weintraub,* of counsel).

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The material facts as developed in the evidence are not in dispute, and are essentially as follows: Petitioner was regularly employed as a chipper by the respondent, whose business, as its name would impart, was that of operating a foundry. His duties consisted of chipping rough edges from castings by means of an automatic chipping machine. He

received for his said services an average weekly wage of $26.25, being one-fourth of the gross weekly earnings of a crew composed of himself and three other co-workers. Petitioner and his crew worked principally in a large foundry room, situated on the ground floor of a building which was unequipped with any heating system. During the cold weather months it was the custom among the several employes to build coke fires in a certain drum-shaped salamander in order to heat the room and thus afford them some degree of comfort during their hours of employment. The use of this improvised heating device was known to the respondent, who, by acquiescence, permitted its continuance without objection. It so happened that on March 29th, 1935, at about eleven-forty-five A. M., because of the chilly condition of the room, petitioner undertook to build a fire by placing in the salamander wood and other kindling matter to which he added a small amount of gasoline from a can, and before he was able to apply a match, the gasoline came in contact with some burning embers from a previous fire which had been made earlier in the morning, causing flames to shoot out from the bottom of the salamander, igniting petitioner's clothing and causing severe burns of his body and legs. It is for the injuries sustained therein that the petitioner brings the present proceeding to recover compensation from the respondent.

While it is conceded that the petitioner's injuries were the result of an accident, the vital point in controversy turns upon the question of whether the said accident arose out of and in the course of his employment.

An accident arises "out of the employment" when it occurs in the course of the employment and results from a risk, danger or hazard of the employment, or from conditions incidental thereto. An accident arises "in the course of the employment" when it takes place (a) within the period of employment; (b) at a place where the employe may reasonably be, and (c) while he is reasonably fulfilling the duties of the employment or doing something incidental to it.

No definite rule, applicable in all cases, can be made as to what is incidental to an employment. It depends largely upon the nature of each particular employment; for what

may be considered a condition incidental to one type of employment may be wholly unrelated to another or different type of employment. However, it is generally accepted, not only in this jurisdiction but in other jurisdictions as well, that the performance of acts of personal comfort are incidents of an employment. In 71 *C. J.* 669, referring to acts of personal comfort there appears the following: "An injury sustained by an employe while engaged in the performance of an act essential to his personal comfort and convenience, is compensable as "arising out of" and "in the course of the employment." And in 1 *Honnold on Workmen's Compensation* there appears the following on page 381: "Acts of ministration by a servant to himself such as quenching a thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the Workmen's Compensation acts, though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure a drink, refreshments, food, or fresh air, or to rest in the shade."

This rule was applied in *Zabriskie* v. *Erie Railroad Co.*, 85 *N. J. L.* 157; 88 *Atl. Rep.* 824, where an employe during the hours of his work found it necessary to resort to a toilet upon the respondent's premises, which it was shown to be the continued practice of the employer's workmen to use without dissent of the employer, but which toilet was so located as to make it necessary for the employe to cross the employer's railroad tracks to reach it, in doing which he was struck by one of the employer's trains, receiving fatal injuries; *held,* that the death was by accident, arising out of and in the course of his employment. Also in *Hanna* v. *Erie Railroad Co.*, 8 *N. J. Mis. R.* 829; 152 *Atl. Rep.* 179, an accident occurring to an employe while eating his lunch on the employer's premises was held to have arisen out of and in the course of the employment. And in *Board of Chosen Free-*

*holders of Middlesex County* v. *Baker,* 9 *N. J. Mis. R.* 1305; 157 *Atl. Rep.* 556, a county bridge inspector who caught fire when in the shed of one of the road contractors, having sought this shelter because of the warmth and comfort it afforded while making out his daily inspection reports, was held under the circumstances to have met his death by accident arising out of and in the course of his employment.

In line with the holding laid down in the above cited cases, it would appear that the case at bar falls within the rule pertaining to acts of personal comfort, and that the preparation of a fire by the petitioner for warmth and comfort, not only to himself but to the other workers as well, was a condition reasonably incidental to his employment.

In opposing petitioner's right of recovery the respondent bases its main defense upon the ground that the petitioner, in using gasoline as a kindling agency, arrogated to himself added peril and danger, and in so doing acted outside the scope of his employment. While the doctrine of added risk or peril is recognized as a valid defense under the Workmen's Compensation act, it has been invoked only when it clearly appears under circumstances such as where a workman meets with an accident while doing something wholly foreign to the work which he was employed to do. *Lynch* v. *Newman,* 37 *N. J. L. J.* 17, and *Smith* v. *Crescent Belting and Packing Co.,* 37 *Id.* 292. Much time was consumed at the hearing on the question as to the permissive use of gasoline in making fires in the salamander in the respondent's foundry. The petitioner testified that it was the accepted practice of all employes to use gasoline, old paint or other inflammable substances in the preparation of fires in order to give a quick start before adding coke, and that he had been using the same during the entire period of his employment without dissent on part of the respondent. The respondent produced several witnesses, its president, its superintendent and its foreman, who testified that they were totally unaware of any such practice, and that had they known of the same, they would have issued orders immediately prohibiting its continuance. In light of this testimony it can hardly be said that petitioner was performing an act in direct disobedience

of orders, because obviously no order prohibiting the use of gasoline was ever given him by the respondent. Furthermore, the vast line of decisions in this state recognizes two kinds or classes of prohibition involving the question of disobedience of orders, to wit: (a) prohibitions which limit the sphere of employment, and (b) prohibitions which deal merely with conduct within the sphere of employment. A violation of the former class bars recovery (*Reimers* v. *Proctor Pub. Co.,* 85 *N. J. L.* 441; 89 *Atl. Rep.* 931, and *Smith* v. *Corson,* 87 *N. J. L.* 118; 93 *Atl. Rep.* 112); while a violation of the latter class will not preclude a right to compensation. *Kolaszynski* v. *Klie,* 91 *N. J. L.* 37; 102 *Atl. Rep.* 5, and *Morris* v. *James Bell Co.,* 10 *N. J. Mis. R.* 619; 160 *Atl. Rep.* 211. In the *Kolaszynski Case, supra,* it was held that disobedience of orders as to the way in which work should be done does not bar recovery where the work being done was the work the employe was expected to do and he was employed at the place he was expected to be. So an order not to use kerosene or any inflammable substance in lighting a fire does not bar recovery for the death of one employed to light a fire although the injury arose from using wood alcohol.

The social philosophy of this modern law ordains that an employer should be responsible for injuries received by an employe by reason of an accident resulting within its scope, if the employment or the conditions incident to it are the efficient cause in the production of such injuries, and that he should not be responsible, if the injuries would have come about without the intervention of the employment or the conditions incident to it. Compensation is secured to the workmen without regard to negligence because the legislature has decreed such security to be an advantage to our industries and workmen. The act is a declaration by the legislature of a public policy. See *American Radiator Co.* v. *Rogge,* 86 *N. J. L.* 436; 92 *Atl. Rep.* 86; *affirmed,* 87 *N. J. L.* 314; 93 *Atl. Rep.* 1083. Willful negligence on part of an injured workman is no defense under section 2 of the act, nor will it oust the court of jurisdiction if set up unless the conditions required to bring the case under section 1 are complied with. See *West Jersey Trust Co.* v. *Philadelphia and Reading Rail-*

*road Co.,* 88 *N. J. L.* 102; 95 *Atl. Rep.* 753, and *Taylor* v. *Seabrook,* 87 *N. J. L.* 407; 94 *Atl. Rep.* 399.

While it may be argued that the use of gasoline by the petitioner was an act of negligence, even to the point of willful negligence, nevertheless the conclusion is irresistible that the actual task of building a fire for warmth and comfort was a condition reasonably incident to his employment, and the accident resulting therefrom arose out of and in the course of employment. And even though it be urged that such use of gasoline was a violation of a prohibited act, the foregoing conclusion would still remain unaffected because the prohibition as such dealt merely with conduct in performance of work within the sphere of his employment, and the case of *Kolaszynski* v. *Klie, supra,* would control.

Upon carefully considering the entire evidence in the case, I find and determine as follows:

\*        \*        \*        \*        \*        \*        \*

That on March 29th, 1935, the petitioner suffered personal injuries as the result of an accident arising out of and in the course of his employment.

\*        \*        \*        \*        \*        \*        \*

That as a result of the said accident petitioner sustained the following injuries: third degree burns of both legs, chest and body, which injuries caused him temporary disability from March 29th, 1935, to November 9th, 1935, or a period of thirty-two and two-sevenths weeks.

That petitioner suffers a permanent disability equivalent to thirty per cent. permanent and total disability as a result of the said injuries.

\*        \*        \*        \*        \*        \*        \*

JOHN J. STAHL,
*Deputy Commissioner.*