ESSEX COUNTY COURT OF COMMON PLEAS.

HARRY ROSENBERG, PETITIONER-APPELLEE, v. BIBONI AND CO., RESPONDENT-APPELLANT.

Decided August 26, 1947.

For the petitioner-appellee, *Rothbard, Harris & Oxfeld* (by *Henry Harris*).

For the respondent-appellant, *Edward G. Gerardo.*

HARTSHORNE, C. P. J. Petitioner, Harry Rosenberg, was employed as a sewing machine operator by respondent-appellant, Biboni and Co. In addition to using sewing machines,

the company's business required the use of a pressing machine. January 21st, 1946, just before returning to work after luncheon, Rosenberg started pressing his own trousers on this pressing machine. He then injured his right thumb, for which he was awarded compensation in the Bureau, the present appeal lying from such award.

The additional salient facts are that many of the employees on numerous occasions, to the knowledge of the employer, had used this pressing machine for personal purposes. This was not done by the employer's express permission, certainly not by his authority, but rather, D'Addario, the supervisor, simply looked the other way to avoid any altercation. There is no evidence that Rosenberg's pressing of his own trousers, or in fact the trousers themselves, had the slightest connection with his employer's business.

Petitioner-appellee nevertheless contends that this pressing of his own trousers, which, in the absence of evidence to the contrary, must therefore be taken to be for his own personal use, was incidental to his employment, and therefore arose out of and in the course of the employment, because of the fact that the employer did not stop him and the other employees from using this pressing machine for their personal purposes on various occasions. As sustaining his position, he cites a number of cases, mostly from other jurisdictions, quoting the principle that, "An injury sustained by an employee while engaged in the performance of an act essential to his personal comfort and convenience is compensable as 'arising out of' and 'in the course of the employment.'" 71 *C. J.* 669. He further cites the following text from 1 *Honnold, Workmen's Compensation,* 381:

"Acts of ministration by a servant to himself such as quenching a thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the Workmen's Compensation Acts, though they are only indirectly conducive to the purpose of the employment. Consequently, no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts

or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure a drink, refreshments, food, or fresh air, or to rest in the shade." *Bubis* v. *Flockhart Foundry,* 15 *N. J. Mis. R.* 299, 301; 191 *Atl. Rep.* 281.

But the latter citation, with which the New Jersey cases and the authorities generally are fully in accord, clearly indicates that the employee, while employed, may not do anything he likes for his "personal comfort and convenience," and still claim to be acting within the sphere of his employment. These acts must be "essential" thereto, in order that he may maintain his health and properly perform the duties for which he is being paid. Such is the rationale of the New Jersey decisions, holding that acts done by the employee in connection with taking lunch, warming himself, answering a call of nature, and changing his clothes and cleaning up after work, since they are all essential for the preservation of the employee's health, and the proper performance of his duties as a healthy employee, are acts incidental to his employment, so that injuries arising therefrom are compensable. *Terlecki* v. *Strauss,* 85 *N. J. L.* 454; 89 *Atl. Rep.* 1023; *affirmed (Court of Errors and Appeals),* 86 *N. J. L.* 708; 92 *Atl. Rep.* 1087; *Taylor* v. *110 S. Pennsylvania Ave.,* 117 *N. J. L.* 346; 188 *Atl. Rep.* 689; *Flanagan* v. *Green & Son,* 121 *N. J. L.* 327; 2 *Atl. Rep.* (2d) 180; *affirmed (Court of Errors and Appeals),* 122 *N. J. L.* 424; 5 *Atl. Rep.* (2d) 742; *Hanna* v. *Erie,* 8 *N. J. Mis. R.* 829; 152 *Atl. Rep.* 179; *Bubis* v. *Flockhart Foundry, supra.*

By definition, therefore, where an act is done by the employee for his personal comfort and convenience, which is not reasonably essential for his health and conducive to the proper conduct of his work, but is merely for his own accommodation or advantage, without any connection with his work, same is not incidental to his employment, and injury arising therefrom is not compensable. Such is clearly the character of the petitioner's act here, in pressing his own trousers, without the slightest connection between such pressing and his work. Nor would it seem that his having done so on other occasions, or the custom of other employees to do similar

personal acts outside the sphere of their employment, could serve to change the character of the act itself from being purely personal, and disconnected with, and outside the sphere of, his employment. At least, this would appear to be the case, in the absence of proof that such custom created an additional hazardous condition of employment, permitted to exist by the employer, the which condition, as such, and distinguished from the act of the injured employee himself, gave rise to the injury.

The latter is the rationale of *Popovich* v. *Atlantic Products Corp.*, 125 *N. J. L.* 533; 17 *Atl. Rep.* (2d) 492, where the employee, on returning to work from lunch, through a trap-door; was injured by the slamming of the trapdoor by another employee, who had been playing ping-pong, as permitted by the employer. The court makes it clear, not that the custom of playing ping-pong was a part of the employment, but that this custom created a "danger" in the employment, the injury from which was therefore compensable. And the court says, in *Belyus* v. *Wilkinson, Gaddis & Co.*, 115 *N. J. L.* 43; 178 *Atl. Rep.* 181; *affirmed* (*Court of Errors and Appeals*), 116 *N. J. L.* 92; 182 *Atl. Rep.* 873, "The line of demarcation is that which separates acts within and those beyond the sphere of the employment" (115 *N. J. L.* at *p.* 50; 178 *Atl. Rep.* at *p.* 186). In that case, if the court had found, as claimed, that decedent's injuries arose from "business of his own, *i. e.*, the washing of his boy's pants" (115 *N. J. L.* at *p.* 46; 178 *Atl. Rep.* at *p.* 184), clearly no compensation would have been allowed. To the same effect are the cases of *Daly* v. *Bates & Roberts*, 224 *N. Y.* 126; 120 *N. E. Rep.* 118, where petitioner's doing her personal laundry was held non-compensable, though there the work was done after hours, rather than during the luncheon period, and *Vitas* v. *Grace Hospital Soc.*, 107 *Conn.* 512; 141 *Atl. Rep.* 649, where plaintiff's injury was held non-compensable when it arose from her laundering the curtains for her own room in the hospital during the luncheon period. Since the curtains were for a room in the hospital, run by the employer, the court alludes to the fact that if the work "was permitted by the employer for their mutual benefit and convenience,

it would be compensable," and thereupon goes into the question of the employer's knowledge of the alleged practice, as indicating such permission. If, however, there was no showing of benefit to the employer, as is the case here, his knowledge of such an alleged practice would seem immaterial. The act would simply be without the sphere of employment. It is because of the existence of this benefit to the employer, as well as to the employee, as indicating that the parties had impliedly included it within the scope of the employment, that the acts done in the following cases were held to be within the sphere of employment, so that the injuries arising therefrom were compensable: *Miller* v. *Mueller Co.*, 132 *N. J. L.* 541; 41 *Atl. Rep.* (2d) 402; *Owens* v. *Bennett Air Service*, 133 *N. J. L.* 540; 45 *Atl. Rep.* (2d) 320; *affirmed* (*Court of Errors and Appeals*), 135 *N. J. L.* 467; 51 *Atl. Rep.* (2d) 111; *Dubit* v. *Sheffield Farms*, 118 *N. J. L.* 411; 193 *Atl. Rep.* 546. Similar is the basis for the decision in *Wamhoff* v. *Wagner Electric Corp.*, 354 *Mo.* 711; 190 *S. W. Rep.* (2d) 915, where the court says that the employer "expected to derive benefit" from the employee's act which resulted in the injury. Nor is the case of *Woodward & Lothrop* v. *Lineberry*, 60 *App. D. C.* 164; 50 *Fed. Rep.* (2d) 315, to the contrary. Here the injury arose, not from any act of personal shopping, which had not yet begun, but from the employee's use of her employer's elevator in leaving his premises during the lunch hour, an act appropriate to the lunch hour, itself an incident of the employment.

In short, since the employee's pressing of his own trousers was, so far as the evidence indicates, for his own personal use, the mere fact that others were leniently permitted to do acts for their own accommodation during their employment, does not change the character of that act from a purely personal one to one incidental to the employment. Thus the injury arising therefrom is not compensable.

The award in the Bureau will, therefore, be reversed, and a determination may be entered accordingly.