JESSIE McFARLAND, DEFENDANT IN CERTIORARI, v. CENTRAL RAILROAD COMPANY, PROSECUTOR.

Argued February 18, 1913—Decided June 18, 1913.

1. The proceeding before the Common Pleas for the computation of compensation under the twelfth section of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134) is properly set on foot by the person to whom, under the nineteenth section of the act, payment is to be made.
2. Under section 12 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134) the court may compute the compensation of a mother who is an actual dependent upon the deceased son at twenty-five per centum of his wages without regard to whether or not the son left a widow.

On *certiorari.*

Before Justices GARRISON, SWAYZE and MINTURN.

For the prosecutor, *Charles E. Miller* and *George Holmes.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

GARRISON, J.    Jessie McFarland, the mother of the deceased employe, petitioned the Common Pleas to compute the compensation to be paid by the prosecutor under the twelfth section of the Workmen's Compensation act.    *Pamph. L. 1911, p. 134.*

The court found that the deceased, who was a single man, had died intestate leaving neither father, brothers nor sisters; that the mother of the petitioner who survived him was dependent on him and that compensation should be computed on the basis of fifty per centum of the decedent's wages.

It is contended that the petitioner was not the proper party to maintain this action.    I doubt if the proceeding that consists in the application of a fixed statutory schedule to an ascertained state of facts can properly be called an action.    By whatever name the proceeding may be called it may properly be set on foot by the person to whom, under the nineteenth section of the act, payment is to be made, *i. e.,* payment for purposes of distribution.    This section which in effect provides for a special administrator *ad litem* points out the proper practice which was followed in this case by the court below.

It is further contended that the petitioner was not entitled to receive fifty per centum of the decedent's wages, or indeed any compensation at all in this proceeding.    Since the argument of this case this question has been passed upon by this court in the case of *Blanz* v. *Erie Railroad Co., ante p. 35,* under which the petitioner is entitled not to fifty but to twenty-five per cent. of her son's wages.

To effect this modification the judgment is reversed and remitted to the Pleas.