ERIE RAILROAD COMPANY, PROSECUTOR, v. CLARA CALLAWAY, EXECUTRIX, RESPONDENT.

Submitted July 5, 1917—Decided October 8, 1917.

Where one entitled to compensation under the Workmen's Compensation act (prior to the amendment of 1913), secured a determination and award for permanent disability and died before the lapse of the maximum number of weeks for which the statute authorized compensation, the right to compensation ceased with his death.

On *certiorari* to the Essex Pleas.

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *Cortlandt Parker.*

For the respondent, *John V. Laddey.*

The opinion of the court was delivered by

SWAYZE, J. Luther Callaway, an employe of the Erie Railroad Company, was injured in 1912. Proceedings under the Workmen's Compensation act of 1911 resulted in a determination in his favor by the Essex Common Pleas on January 6th, 1913. The determination was that judgment be entered in his favor "for compensation amounting to $5 weekly payment to begin September 7th, 1912, and to continue during the period of such disability, not, however, beyond four hundred weeks." This award pursued strictly the language of the statute. *Pamph. L.* 1911, *p.* 137, § 11*b*. The judgment was not entered in accordance with the determination, but was in the form of damages assessed against the railroad company "in the sum of five dollars per week payable for a period of four hundred weeks beginning September 7th, 1912." Not only was this judgment not in accordance with the determination of the judge, but it was also not authorized by the statute. The statute says that the compensation shall be paid during the period of disability, not, however, beyond four hundred weeks. The legislature clearly contemplated that the disability might not last four hundred weeks, even though it was total in character and permanent in quality.

Callaway died April 5th, 1915, from causes other than the injuries which he received as a result of the accident. The compensation was paid to April 2d, 1915. There remains due $2.14 of compensation accrued during his lifetime. As to this there is no dispute. The difficulty arises out of the effort of his widow as executrix of his will to collect the weekly sum of $5 since his death and until the end of the four hundred weeks.

The act of 1911, which was the act in force at the time of the award, contained no provision for the case where the employe died from a cause other than the accident during the period of payment for permanent injury. By the amendment of 1913 the legislature enacted that the remaining payment should be paid to his or her dependents. The effort now is to give this amendment retroactive force and alter the terms of the contract between the employer and employe. We think

no such intent should be imputed to the legislature. It is enough to quote the language of Mr. Justice Paterson in *United States* v. *Heth,* 3 *Cranch* 413, which was cited by Mr. Justice Depue, speaking for the Court of Errors and Appeals in *Williamson* v. *New Jersey Southern Railroad Co.,* 29 *N. J. Eq.* 311, 333, 334, and has been repeatedly followed: "Words in a statute ought not to have a retrospective operation, unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot otherwise be satisfied. This rule ought especially to be adhered to when such a construction will alter the pre-existing situation of the parties or will affect their antecedent rights, services or remuneration, which is so obviously improper that nothing ought to uphold and vindicate the interpretation but the unequivocal and inflexible import of the terms and the manifest intention of the legislature." The rule has recently been applied to the construction of the Workmen's Compensation act. *Baur* v. *Common Pleas of Essex,* 88 *N. J. L.* 128.

The fact that there is an unsatisfied judgment for the payment of $5 per week for four hundred weeks from September 7th, 1912, is unimportant, since that judgment was not authorized either by the statute or by the determination of the court. This court has recently held that proceedings under the act are statutory in their origin and are intended to be summary in their nature and conduct. *Ringwalt Linoleum Works* v. *Liquor,* 89 *N. J. L.* 452. It was the duty of the Common Pleas, on the railroad company's petition, to amend the judgment to correspond with the statute and with its own determination and award made in 1912. That relief was within the general prayer. Instead of amending the judgment, the judge ordered that it remain in full force and effect and that the executrix have all the remedies that Luther Callaway would have had in his lifetime, and set aside a stay of an execution that had been issued for all weekly payments that had accrued after Callaway's death up to the time the writ was issued.

This order (or determination as it is called) was erroneous and must be set aside.

No costs will be allowed.