NEW JERSEY MISCELLANEOUS REPORTS. 31

Essex County Court of Common Pleas—Roney v. Griffith Piano Co.

Essex County Court of Common Pleas.

William Roney, petitioner-respondent,

*v.*

Griffith Piano Company, respondent-appellant.

[Filed December 30th, 1925.]

Workmen's Compensation—Proper Notice of Injury—Immediate Superior Had Due Notice, Impossible That Head Did Not Know of Injury—Accident Resulted in Cancer, Causing Death—Compensation For Temporary Injury to Time Injury Was Diagnosed as Cancer, and From Then For Permanent Injury to Time of Death, Awarded—In Event of the Death, Compensation is Payable to Personal Representative—Whether Widow, Not Having Filed Claim as Defendant, is Barred by Statute is Not Before the Court in this Proceeding, Not being a Party Thereto.

On appeal.

*Mr. Clarence B. Tippett,* for the respondent-appellant.

*Mr. Charles Becker,* for the petitioner-respondent.

Porter, Judge.

This matter comes before the court on an appeal from the determination of the workmen's compensation bureau. Deputy Commissioner Goas, who heard the case, held that William Roney, the petitioner-respondent, was employed by the Griffith Piano Company, respondent-appellant, on December 29th, 1923, as a piano mover, and that he was injured on that date in an accident occurring in the course of and also out of the said employment and awarded him compensation.

It is urged on behalf of the respondent-appellant that the determination and judgment of the bureau should be set

aside because no notice was given by petitioner-respondent of his injury within ninety days as required by the statute.

The testimony of Roney was that he did report his injury to Mr. Peckham, shipping clerk of respondent-appellant, on the day of the accident. Mr. Peckham testifies that he remembers no such report; he further testified that he had received a report of the accident, and that he questioned all of the men involved in it as to just what had happened, but that none of them said anything to him about anyone having been injured. I find no basis in the testimony for the statement contained in paragraph 7 of the determination that Mr. Peckham, on re-examination, was not sure whether or not he knew that Roney was injured. But irrespective of whether Roney did or did not report his injury at that time to Mr. Peckham, there is no doubt from the testimony that his immediate superior, Mr. Penn, knew of it and received a verbal report of it from Roney immediately.

Penn was in charge of the work; he was a witness to the accident; saw Roney knocked down when the piano fell; saw him hold his neck and heard him complain of his neck having been hurt. This notice to Penn, whether or not he reported it to Mr. Peckham, was, it seems to me, a compliance with section 15 of the statute. Moreover, Roney two weeks later complained to Penn of the injury to his neck, and Penn testified to the swelling which followed and to the medical treatment Roney was receiving. So, it is clear that Roney, not only reported his injuries to Penn at the time he received them, but that he kept Penn informed of his condition constantly within the ninety days following. Roney continued to work for the respondent-appellant with Penn for five or six weeks after the accident. As Penn testified, "he worked right on for six weeks after that. Five or six weeks before he commenced being really bad off." Penn knew of the medical treatment the petitioner-respondent was undergoing, and must have appreciated the fact that there was a more or less serious injury. Doubtless other employes had the same knowledge. It seems unlikely, under these circumstances, that Mr. Peckham, or others in au-

thority, gained no knowledge of the injuries until after ninety days of the accident.

It is further urged that the proofs do not establish that the physical disability of Roney is the result of any injuries sustained by him in the accident referred to.

I think the testimony fully establishes the facts as to that phase of the case as so ably set forth in the determination of Deputy Commissioner Goas.

The petitioner's injuries resulted in a cancer from which he subsequently died.

The testimony shows that the diagnosis of cancer was made on May 19th, 1924.

The determination should, therefore, be for temporary compensation until May 19th, 1924, and for permanent compensation thereform until the date of death.

It seems that no compensation has been paid in this case, and it is urged by respondent-appellant that, as the petitioner has died, there is now no person to whom any compensation is properly payable.

The authorities cited in support of this view do not sustain that contention. On the contrary, the law is settled that the personal representative of the deceased is entitled to the compensation which had accrued up to the date of death of the petitioner. *Erie Railroad Co. v. Clara Callaway, Executrix, 91 N. J. Law 32.*

It is also contended by the respondent-appellant that the right of the widow of petitioner to recover as a dependent is barred by statute, no claim having been filed by her in time. As the widow is not a party to the proceeding under review, that question is not an issue in this proceeding.

Let the petitioner-respondent submit a determination in accordance with these views.