GEORGE T. NEWELL, Jr., INCORPORATED, PROSECUTOR, v. THE WORKMEN'S COMPENSATION BUREAU, DEFENDANT.

Argued January 21, 1932—Decided March 16, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Henry M. Hartmann.*

For the defendant, *Palmer & Powell.*

PER CURIAM.

The workmen's compensation bureau made an award in favor of Burton Kiple, for injuries alleged to have been sustained by accident, on December 21st, 1928, whilst Kiple was helping to carry a can of ashes from the cellar to the main floor of the employer's place of business and in the course of his work. The testimony was to the effect that while so doing he injured his back and was compelled to cease work.

The doctor who treated the petitioner below testified that there had been a severe or twisting strain, which injured certain vertebrae; that he was unable to work. He died on February 10th, 1931.

Two doctors for the defendant testified that there was an atrophy of the spine, by the closing of the joints between the vertebrae. They testified that, while the condition was probably of long standing, it would have been aggravated by a severe strain.

A fellow workman of Kiple, one Leone, testified that petitioner was helping him carry a can of ashes up the cellar stairs when something happened to Kiple that caused him to almost drop the can; that Kiple gave immediate evidence of having suffered an injury to his back.

The petitioner's daughter testified that his condition grew progressively worse after the injury.

Under the proofs we think the compensation bureau was justified in its determination that Kiple met with an accident arising out of and in the course of his employment. *Atchison* v. *Colgate & Co.*, 128 *Atl. Rep.* 598; 3 *N. J. Mis. R.* 451.

Prosecutor contends that the testimony of Peter Leone and Lavinia Kiple was incompetent. Certainly much, if not all, of their testimony was competent. But there was no objection to its admission and hence there was no error in its admission.

The third point is that the award covered too long a period of time. The proof was that he was fully incapacitated from December 28th, 1928, to the date of his death on February 10th, 1931, and this was the period covered by the award. We think there is no merit in this point.

The fourth point is that the specific date of the accident is not established. In the petition it is fixed at ten A. M., December 21st, 1928. In its answer, prosecutor does not dispute this statement, and says that the petitioner was obliged to stop work because of injury on December 24th, 1928. So that it would appear that this question was not at issue, nor was it controverted at the trial. Petitioner had meanwhile died, and the date set out in the petition was evidently taken as the date of the accident without question.

The next point is that there was no proper party petitioner at the time of the award, because petitioner had meantime died. We are of opinion that under the statute, it was proper to proceed to under the petition filed to make suitable award to the date of petitioner's death.

We are of the opinion that the award was reasonably supported by the evidence.

The judgment under review will be affirmed, with costs.