New Jersey Department of Labor,
Workmen's Compensation Bureau.

ANN O'NEILL, PETITIONER, v. BABCOCK & WILCOX,
RESPONDENT.

Decided November 25, 1941.

For the petitioner, *Avidan & Avidan* (by *Alexander Avidan*).

For the respondent, *James J. Skeffington*.

\*     \*     \*     \*     \*     \*     \*

By stipulation between the parties, the above entitled matter was consolidated for hearing with the claim petition filed in the name of Ann O'Neill as petitioner v. Fairmount Construction Co. as respondent, being Claim Petition No. 48154, together with the claim petition of Ann O'Neill, Administratrix of Dennis J. O'Neill, Deceased, as petitioner v. Babcock & Wilcox as respondent, being Claim Petition No. 47759.

The within claim was instituted by the petition of Ann O'Neill for herself as widow and for her infant son, James Joseph O'Neill, seeking compensation as dependents of Dennis J. O'Neill, the decedent, who was alleged to have died on January 27th, 1940, as a result of an accident occurring on July 12th, 1939, arising out of and in the course of his employment with the respondent.

The testimony on behalf of the petitioner showed that the said Dennis J. O'Neill, the decedent, was employed on July 12th, 1939, by the respondent as an iron worker; that on that day while walking along an iron beam he slipped and

fell, striking his left hip; that the said injury was serious and painful; that after some delay he continued working for the balance of the day and for some time thereafter; that after applying some home remedies, rubbing the affected area, namely, the left hip, he was referred by his employer, to whom the accident was reported, to a Dr. Watman about a week later for treatment; that Dr. Watman treated the petitioner from July 20th, 1939, to September 6th, 1939; that the said doctor after obtaining a history of the accident, together with the complaints of constant pain by the said decedent, at first made a diagnosis of a strain of the muscles and a contusion of the left thigh; that the said injury in the doctor's opinion was moderately deep; that subsequently after the taking of an X-ray in August, 1939, the doctor first made a diagnosis of a sarcoma or cancer of the left hip; that from September 8th, 1939, to the date of death on January 27th, 1940, decedent was under the care of a Dr. Abrams and was confined to the Beth Israel Hospital, excepting for an interval of several weeks when the decedent was treated at his home. The testimony indicates that commencing with the date of the accident, July 12th, 1939, the petitioner appeared to be in rather constant and persistent pain and was given some medication for the relief of that pain.

A series of X-rays were taken at the Beth Israel Hospital during the decedent's confinement there. These X-ray plates were offered in evidence and interpreted by Dr. Nathan Furst, a roentgenologist, associated with the Beth Israel Hospital. The first X-ray films of the left hip taken as of September 8th, 1939, showed a considerable alteration in the cancellous tissue surrounding the acetabular cavity. Without going into detail as to the interpretation of these films, it is sufficient to state that the subsequent films show a progression in the destructive infiltration of the cancellous tissue neighboring the left acetabulum, ultimately resulting in a more or less complete destruction of the bone structure in that area. The findings definitely indicated a malignant tumor.

The testimony further showed that an autopsy was performed by Dr. C. Berardinelli on January 27th, 1940. Dr. Berardinelli is the first assistant medical examiner for the

County of Essex. The autopsy indicated a malignant tumor of the osteogenic sarcoma type of the left femur and upper extremity. Death in this case resulted from the condition of osteogenic sarcoma. There appears no dispute in this case as to the nature of the condition ultimately producing death, namely, osteogenic sarcoma.

There does not appear in this case any serious dispute as to the accident and the chain of symptoms following the accident. The accident was described by the decedent during his lifetime from testimony taken at his bedside, the transcript of which was offered in evidence in this case.

A co-worker, a Mr. Murtha, testified to having witnessed the accident, to having seen the injury to the left hip, to having known the petitioner prior to this accident as being a good and able worker.

The widow, Ann O'Neill, testified to the changed conditions of the decedent following the alleged accident, to the agony the decedent was found to be in on the day of July 12th, 1939, when he returned home.

Dr. Watman for the respondent testified to the history of the accident as reported by the decedent to him and further that the case was sent to him by the respondent as a compensation claim. The doctor further testified to the complaints of pain.

Dr. Abrams testified to the history of the accident as given to him by the decedent and as referred to in the records of the Beth Israel Hospital and also to the constant and persistent complaints of pain and the swelling of the injured area.

The real serious issue in dispute in this case is that of causal relation between the osteogenic sarcoma and the trauma of July 12th, 1939. On this there appears in this case a contrariety of opinion.

The petitioner produced Dr. Berardinelli, the assistant medical examiner, who performed the autopsy, Dr. Asher Yaguda, a pathologist, and Dr. Joseph Koppel, who has had considerable experience with compensation cases—all of whom testified that the accident of July 12th, 1939, was the contributing cause of the death of the decedent; that the

said accident aggravated the pre-existing condition of osteogenic sarcoma and thus accelerated the death of the decedent. Important considerations appear to be the chain of symptoms and conditions following the accident of July 12th, 1939, first, in contrast to the pre-existing condition of the decedent, which indicated that following an accident in 1936, the decedent had recovered fairly well and was able to satisfactorily perform his work without any apparent complaint, and, secondly, in the course of decedent's condition following the accident of July 12th, 1939, namely, that commencing with the accident of July 12th, 1939, the decedent did have rather persistent and constant complaints of pain in the area affected by the trauma to the left hip; that following July 12th, 1939, the decedent's condition grew progressively worse, ultimately resulting in the almost complete bone destruction of that area.

The medical testimony on behalf of the petitioner was of the opinion that the trauma in this case did aggravate a pre-existing sarcoma, ultimately producing the death.

The respondent's doctors, Dr. Watman, the attending doctor, and Dr. Ewing were of the opposite opinion. Dr. Singer called by the respondent refused to express an opinion on this question. Dr. Baker testified as to the interpretation of the X-ray films offered by the petitioner.

The medical testimony on behalf of the respondent admitted that trauma may initiate or aggravate a pre-existing condition of osteogenic sarcoma. They also appeared to be of the opinion that in this case we were dealing with a pre-existing condition of osteogenic sarcoma. Their opinion was to the effect that in this particular case it was not felt that the trauma did aggravate the pre-existing condition of osteogenic sarcoma. It was conceded by Dr. Ewing that the best available evidence in the case would, of course, be X-ray films taken immediately before the trauma of July 12th, 1939, and X-ray films taken immediately thereafter to show the contrast in the conditions. However, in the absence of such evidence opinions must be based upon such facts and proofs as are available.

The chain of symptoms, including the pain and swelling and the progressive nature of the destruction of the bone

tissue, all of which commenced with the date of the accident of July 12th, 1939, must be considered as persuasive testimony.

After carefully considering all of the testimony I am of the opinion that the accident of July 12th, 1939, did aggravate the pre-existing condition of osteogenic sarcoma.

The law applicable to this case is not unusual. An accident which causes or aggravates a pre-existing condition, including the condition of cancer, is compensable. *Roney* v. *Griffith Piano Co.*, 4 *N. J. Mis. R.* 31; 131 *Atl. Rep.* 686; *affirmed* (*Supreme Court*, 1926), 4 *N. J. Mis. R.* 837; 134 *Atl. Rep.* 922; *Voorhees* v. *Smith Schoonmaker* (*Supreme Court*), 86 *N. J. L.* 500; 92 *Atl. Rep.* 280.

"It is not necessary that the accident on this date should be shown to be the sole contributing cause to the condition of the petitioner. If a pre-existing condition was aggravated thereby, the injury is compensable. *Furferi* v. *Pennsylvania Railroad Co.*, 117 *N. J. L.* 508; 189 *Atl. Rep.* 126." *Davis* v. *Lotz* (*Supreme Court*), 126 *N. J. L.* 615; 20 *Atl. Rep.* (*2d*) 602.

In considering proofs in connection with such issues we can only deal with probabilities rather than certainties. *Jackson* v. *Delaware, Lackawanna and Western Railroad*, 114 *N. J. L.* 487; 170 *Atl. Rep.* 22.

After duly considering all of the testimony herein submitted, I do find and determine as follows:

1. That the decedent, Dennis J. O'Neill, did sustain an accident on July 12th, 1939, arising out of and in the course of his employment with the respondent.

2. That the said decedent, Dennis J. O'Neill, did die on January 27th, 1940, as the result of an accident arising out of and in the course of his employment with the respondent.

\*      \*      \*      \*      \*      \*      \*

4. That the petitioner, Ann O'Neill, as widow and James Joseph O'Neill as the son of the said petitioner and the said decedent, are the sole surviving dependents of the said Dennis J. O'Neill; that the said son, James Joseph O'Neill, was born on September 2d, 1937.

\*      \*      \*      \*      \*      \*      \*

6. That in view of the existing situation, namely, that 35%, being the amount allowed by law for one dependent, of the decedent's wages, namely, $80 per week, exceeds the statutory maximum of $20 per week, the petitioner, for herself as widow, and her son, James Joseph O'Neill, as dependents of the decedent, Dennis J. O'Neill, shall receive compensation for the period extending from January 27th, 1940, until the said James Joseph O'Neill, shall attain the age of 16 years, or until September 2d, 1953, or for the period of 709 4/7 weeks, at the rate of $20 per week, subject, however, to the termination of this liability as allowed by the Workmen's Compensation Act or by law.

\*          \*          \*          \*          \*          \*          \*

It is further ordered that judgment shall be entered in favor of the petitioner and against the respondent in accordance with the foregoing.

JOHN C. WEGNER,
*Deputy Commissioner.*