NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN DUCCI, PETITIONER, v. KAPO DYEING AND PRINT
WORKS, RESPONDENT.

Decided January 9, 1942.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *Stanley U. Phares.*

A claim petition having been filed in regard to the above entitled matter seeking recovery for an alleged increase of permanent disability and an answer having been thereto filed by the respondent the same came on for hearing before me, a Deputy Commissioner of Labor, in the Workmen's Compensation Bureau at Paterson, New Jersey.

\*  \*  \*  \*  \*  \*  \*

The testimony took several days, the only issue involved being the question as to whether the petitioner's disability had increased from the date of last hearing.

The history of this case briefly is as follows: The petitioner on December 30th, 1935, strained his back while working for the respondent. He received some treatment and lost several months from work and it appears that about three years prior to this date he had another accident to his back namely on August 11th, 1933, and at that time lost approxi-

mately five months from his work. The first petition filed for the accident of December 30th, 1935, was settled on July 7th, 1936, for 5% of total. Subsequently another petition was filed claiming an increase of disability and a former trial was held on December 1st, 1936, and a judgment was entered to the effect that the petitioner's disability had not increased. Subsequently thereto a third petition was filed which resulted in a rather lengthy trial with a considerable amount of testimony being taken. This trial resulted in an award being entered under date of April 19th, 1938, allowing to the petitioner temporary disability as paid plus a permanent disability of 15% of total of which 5% was paid leaving a balance due of 10%. Immediately following said disposition of the case, the petitioner entered the Orange Memorial Hospital and received certain treatments and then a fourth petition was filed, likewise alleging an increase of permanent disability. This petition was disposed of by a formal trial, the same consuming several days testimony, and an award was entered under date of August 31st, 1939, to the effect that the petitioner had failed to prove that his disability had increased since the date of last hearing and further finding that the treatment rendered to the petitioner was unauthorized by the respondent and unnecessary and therefore not chargeable to the respondent. The fifth and present petition was filed December 26th, 1939, and remained on the trial list for approximately a year and a half before it was moved for trial by the petitioner. Again a lengthy trial was held and the testimony therein consumed several trial days.

I have had an opportunity to hear all the testimony in the present trial and to observe the witnesses on the witness stand and their demeanor in answering questions both on direct and cross-examination. I have also had an opportunity to observe the petitioner day after day as he sat in the court room and also as he was demonstrated before me on various occasions. In addition thereto I have been afforded the opportunity of reading the transcript of testimony of the former trial and I feel that this case is controlled by the recent case of *Rotino* v. *J. P. Scanlon, Inc.*, reported in 125 *N. J. L.* 227; 15 *Atl. Rep. (2d)* 336 and 752. The court in that

case held that the burden of proof is upon the party assert-ing the change in disability, in this case the petitioner. The language used by the court is as follows: "Upon a petition to establish and obtain amended compensation allowance for an increase or a decrease in disability, the burden is upon him who asserts the change. The testimony of increased or decreased disability must be predicated upon the condition and causes determined at the original hearing."

\*        \*        \*        \*        \*        \*        \*

A brief analysis of the medical testimony shows that there is some opinion evidence given by the doctors on behalf of the petitioner of some change in his condition. I refer to Dr. Max Kummel and Dr. M. Weinstock Bergman. There was also some testimony by Dr. Roemer who was produced on behalf of the petitioner that recent X-rays showed some arthritic changes. This I believe was also corroborated by Dr. Russel. However, I am of the opinion that the minor arthritic changes as revealed in X-rays taken over a period of 6 years are not particularly important. It is not unusual for arthritic changes to take place in such a length of time regardless of the question of trauma. Dr. Botbyle testified on behalf of the petitioner that in main the only changes he noted were the X-ray changes. It is also to be noted that the original injury was not one involving a bone damage, but, as a matter of fact, was confined entirely to a soft tissue or muscle injury. Dr. Botbyle seemed to feel that the peti-tioner's present disability was the same to-day as when he had last examined him, and Dr. Russel and Dr. Briggs seemed to feel that there had been some slight increase in his disability.

I have carefully considered all the evidence produced by the petitioner including his own testimony and that of Drs. Kummel, Bergman, Roemer, Russel, Briggs, Botbyle and Cortese and I cannot help but feel that the petitioner has a tendency to exaggerate his condition and, as a matter of fact, he clearly, I believe, attempts to impress the court that he is even more disabled than his own doctors seem to feel.

The respondent produced Dr. William B. Ein and Dr. J. Kippel. Both these doctors have seen the petitioner many

times and their testimony was clear and unequivocable that they found no change in the petitioner's condition whatsoever. Even Dr. Cortese, who was produced by the petitioner on rebuttal, admitted that in the main, so far as the disability was concerned, he found the same degree on his previous examinations as he finds to-day, so far as heavy work is concerned. His actual estimate of disability at the last time he examined apparently was 50% of total, however, in the trial before the last his estimation was 100% of total.

From the evidence produced on behalf of both the petitioner and the respondent I definitely feel that the petitioner's condition to-day is the same as it was at the time of the last trial, and if at that time the petitioner was dissatisfied with the award he should have taken the remedy of appeal for I do not believe under the law he has any right to file a new petition unless his disability has increased. This would be governed by the case of *De Marco* v. *F. H. McGraw Co.*, 181 *Atl. Rep.* 639. That was a case where the original award was considered to be inadequate by the petitioner but no appeal was ever taken to rectify or otherwise correct the award, however, instead thereof the petitioner later filed an application similar to the present one under 21 F for increased disability and the court held in that case that it was never the legislative intent that the provisions of 21 F should be used for such purpose. There must be a finality to a case and that once a case is adjudicated it is final and conclusive upon the party unless there be an after-occurring change or alteration taking place in the impaired condition. The court said in that case "by the clear weight of credible evidence no increased disability was shown" and I believe the same is true in the present case.

Upon a careful analysis of the testimony in the present case, particularly the medical testimony of the various physicians produced by the respective parties, I feel reasonably satisfied that the burden of proof resting on the petitioner to establish an increase of incapacity of disability has not been met. As a matter of fact some of the medical testimony produced would seem to indicate that the petitioner's condition, to some degree, has slightly improved.

Upon a petition to establish and obtain amended allowance for increase or a decrease in disability the burden is upon him who asserts the change. *Pasquale* v. *Clyde Piece Dye Works,* 120 *N. J. L.* 557; 1 *Atl. Rep.* (*2d*) 45; Cf. *Tucker* v. *Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72 (at *p.* 80); 186 *Atl. Rep.* 821; *affirmed,* 118 *N. J. L.* 301; 192 *Atl. Rep.* 62. Also the Supreme Court opinion in *Cirillo* v. *United Engineers and Constructors, Inc.,* 120 *N. J. L.* 225; 198 *Atl. Rep.* 768; reversed on other grounds, 121 *N. J. L.* 511; 3 *Atl. Rep.* (*2d*) 596. The testimony of increase or decrease must be predicated upon the condition and causes determined at the original hearing. *Cirillo* v. *United Engineers and Constructors, Inc.,* 121 *N. J. L.* 511; 3 *Atl. Rep.* (*2d*) 596.

Upon a careful consideration of the entire case it would seem the petitioner's main grievance is grounded upon the contention that he was not granted sufficient compensation by the terms of the last award, however, by the doctrine annunciated in *De Marco* v. *F..H. McGraw Co., supra,* as set forth above, a proceeding under the provisions of *N. J. S. A.* 34:15-27 for increased disability cannot be instituted for the purpose of correcting or revising a previous award.

In conclusion I find and determine that the proofs in the present case fail to establish any increase of incapacity over what existed at the time of the last trial. The award rendered by Deputy Commissioner Corbin, which the petitioner now claims was inadequate and improper, was not appealed and therefore is not open to challenge at this time. Therefore, in view of my finding that the petitioner has failed to sustain the burden of proving that his disability has in any way increased since the date of last hearing, I therefore order that the petition herein be and the same is hereby dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*