PASSAIC COUNTY COURT OF COMMON PLEAS.

PETER MARROCCO, JR., ADMINISTRATOR OF THE ESTATE OF ANGELO LEOMBRUNI, DECEASED, PETITIONER-APPELLANT, v. ALLIED TEXTILE PRINTERS, INC., RESPONDENT-APPELLEE.

Decided April 6, 1943.

For the petitioner-appellant, *Ward & McGinnis.*

For the respondent-appellee, *John Pomfret, Jr.*

DELANEY, C. P. J.   The petition in the above stated matter was dismissed in the Workmen's Compensation Bureau, without a hearing on the merits, on the ground that the petitioner, as general administrator of the estate of Angelo Leombruni, deceased, had no footing to file a petition on behalf of the dependents—a widow and child—of the decedent.

The law seems to be to the contrary.

In *Conners* v. *Public Service Electric Co.,* 89 *N. J. L.* 99; 97 *Atl. Rep.* 792, the Supreme Court said:

"This is a workman's compensation suit.   The suit is brought for the benefit of the father, mother and sister of the deceased, all of whom claim to be dependents. * * *

"The fourth point raises the question whether the action was properly brought by the administrator of the deceased.   As to this counsel relies on section 19 of the act, which provides that, where no executor or administrator is qualified, the judge shall by order direct payment to be made to such person as would be appointed administrator of the estate of the deceased, &c.   The provision of the act plainly contemplates the institution of the proceeding by the executor or adminis-

trator of the deceased, where there is an executor or adminis-
trator, and, if there is none, by such person as would be
entitled to administration. There is an administrator in the
present case, and plainly the suit was properly brought by
him. See *McFarland* v. *Central Railroad Co.,* 84 *N. J. L.*
435; 87 *Atl. Rep.* 144."

In *McFarland* v. *Central Railroad Co., supra*—a workman's
compensation suit—Mr. Justice Garrison said: "By what-
ever name the proceeding may be called, it may properly be
set on foot by the person to whom, under the nineteenth sec-
tion of the act, payment is to be made, *i. e.,* payment for the
purpose of distribution."

In *Reimers* v. *Proctor Publishing Co.,* 85 *N. J. L.* 441;
89 *Atl. Rep.* 931, the petition was filed "by the father of the
decedent, an unmarried man." The court declared: "No
executor or administrator qualified. We see no objection to
the father instituting the proceeding."

For section 19 in force when the above cited cases were
decided, *R. S.* 34:15-21; *N. J. S. A.* 34:15-21, is now sub-
stituted, and reads: "In case of death compensation pay-
ments may be made directly to dependents of full age and
on behalf of infants to the surviving parent, if any, or to
the statutory or testamentary guardian of any such infant.
The Workmen's Compensation Bureau, on application or
when a petition has been filed, may order such payments to
be made to the administrator or executor of the decedent, or
to such person as would be appointed administrator of the
estate of the decedent."

The concluding sentence of the last cited section leaves the
matter, in its application to the circumstances of the instant
case, precisely where former section 19 had placed it. The
repealed and the operative sections differ, we think, in phrase-
ology only, not in substance or effect.

Where the petitioner acts in the wrong character, the error,
it may be added, is not hopeless. In *Lazzio* v. *Primo Silk
Co.,* 114 *N. J. L.* 450; 117 *Atl. Rep.* 251; *affirmed,* 115
*N. J. L.* 506; 180 *Atl. Rep.* 881; the petition was filed by
Gladys Lazzio as administrator *ad prosequendum* for the
benefit of an adult incompetent daughter of the deceased.

The pertinent part of the opinion runs:

"It is next argued that the cause is improperly styled or captioned. That is so. The prosecutor sues as administrator *ad prosequendum*. This is improper. But this error is not fatal. The representative designation aforesaid may be treated as mere surplusage or, at all events, the proceedings may be appropriately amended. *Martin* v. *Lehigh Valley Railroad Co.*, 114 *N. J. L.* 243."

We think that the petitioner in the instant case, as general administrator of the deceased, has a right to bring the proceeding for the benefit of the alleged dependents of the deceased. An order may be entered setting aside the order of dismissal.