29 N.J. Super. 272 (1953)
102 A.2d 404
SOPHIE KOZIELEC, AS ADMINISTRATRIX OF THE ESTATE OF ALBERT KOZIELEC, PETITIONER-APPELLEE,
v.
MACK MANUFACTURING CORPORATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Middlesex County Court Law Division.
Decided December 31, 1953.
*274 Mr. Russell Fleming, for petitioner-appellee (Mr. Harold Sklarew, attorney).
Mr. William G. Dermody, for respondent-appellant (Messrs. Gockeler, Cortese & Abell, attorneys).
MORRIS, J.C.C.
This is a workmen's compensation case in which there was an award by the Deputy Director of the Division of Workmen's Compensation of the Department of Labor. It is here on appeal for trial de novo upon the entire record.
The precise question here involved does not appear to have heretofore been decided. It is, may a surviving wife of an injured employee, either individually as a dependent, or as administratrix of his estate, file an original claim petition for permanent disability under the Workmen's Compensation Act, R.S. 34:15-1 et seq., where the injured workman, during his lifetime, failed to file such petition and where his death concededly resulted from a cause wholly unrelated to the industrial accident for which compensation for such permanent disability is sought?
It appears from the record and I find as a fact that Albert Kozielec met with an accidental injury arising out of and in the course of his employment with the Mack Manufacturing Corporation on October 10, 1950, when a bin fell upon him. He was taken immediately to St. Peter's General *275 Hospital in New Brunswick where he was treated by Dr. Norman Rosenberg. The authority of this physician was never questioned by either the respondent or its insurance carrier. On the contrary the insurance carrier paid his bill for treating the injured workman in the amount of $268 as well as the hospital bill in the sum of $304. The carrier also paid to the injured workman compensation for temporary disability from October 11, 1950 to April 11, 1951, a period of 27 weeks, at the compensation rate of $25 per week.
It is admitted that the said Albert Kozielec died July 1, 1951, from causes unrelated to the said industrial accident.
Four grounds have been advanced and ably argued by the respondent-appellant for a reversal of the award.
It is first argued that the Division of Workmen's Compensation was without jurisdiction either to entertain the said petition or to make an award thereon. The respondent-appellant contends that because the statute does not contain any express provision for the filing of such a claim petition by a surviving wife, either individually as a dependent, or as administratrix of the estate of a deceased employee, such a right cannot be implied and, in fact, does not exist. Such a contention runs contra to the decisions of our courts. For while it is conceded that the statute contains no such express provision, the question remains whether such a right is conferred by fair implication and intendment incident to and included in the authority expressly granted for the enforcement of the statute. "The Compensation Bureau," held the Court of Errors and Appeals in P. Bronstein & Co. Inc. v. Hoffman, 117 N.J.L. 500 (1937), "is invested only with such authority as is expressly conferred, or such as is by fair implication and intendment incident to and included in the authority expressly granted for the enforcement of the statute."
The inquiry, therefore, is whether such a right is conferred by fair implication and intendment incident to and included in the authority expressly granted for the enforcement of the statute.
*276 An examination of the statute and decisions disclose the following:
R.S. 34:15-41 provides: "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed * * *." It will be noted that the statute is silent as to who must file the petition.
R.S. 34:15-45 contains provisions for a guardian to compromise a claim but it does not state who is to file petition. If it means that the petition should be filed by the guardian, it is an instance where some person other than the injured employee has the right to file a claim petition in a representative capacity.
R.S. 34:15-48 deals with the right to receive compensation where the injured employee is mentally, legally or physically unable to receive it, but the statute is silent as to who can file a petition for such a disabled person.
It is common knowledge that since the automobile came in use, medical case records disclose instances wherein the injured have remained in a state of coma for periods varying up to several years. For such common law cases our law has provision for the appointment of a guardian. But if such a person were injured in an accident, compensable under our Workmen's Compensation Act, if the respondent's contention that only the injured workman himself could file a claim petition for permanent compensation be sound, the injured workman would be completely without remedy.
Among instances where the courts have spelled out rights and duties as implied under the act, the following may be mentioned. Nowhere in the statute is there any provision that the injured workman must prove his case by the greater weight of the evidence. Yet our courts have repeatedly so held. Gilbert v. Gilbert Machine Works, Inc., 122 N.J.L. 533, 6 A.2d 213 (Sup. Ct. 1939); Ducci v. Kapo Dyeing & Print Works, 23 A.2d 786, 20 N.J. Misc. 47 (N.J. Dept. of Labor 1942).
As hereafter noted, the only reference to the payment of interest in the act is found in R.S. 34:15-28 which provides *277 that the Bureau, at the time of making the award, may, in its discretion, allow interest on each weekly payment withheld. But in Simon v. N.J. Asphalt & Paving Co., 123 N.J.L. 232 (Sup. Ct. 1939), the court held that the petitioner was entitled to interest on the award from the date of its docketing, and on the counsel fee as well, the court saying: "In our state the practice is to permit the collection of interest on a judgment," citing Erie Railway Co. v. Ackerson, 33 N.J.L. 33.
In construing the act, our courts have frequently gone beyond the wording of the statute itself and applied the same rules and principles as are applied to common law action. For example, our courts in numerous workmen's compensation cases, including Belyus v. Wilkinson Gaddis Co., 115 N.J.L. 43 (Sup. Ct. 1935), affirmed 116 N.J.L. 92 (E. & A. 1935), applied the rule that "The test is probability rather than certainty," citing as authority, Delaware, Lackawanna & Western Railroad Co. v. Jackson, 111 N.J.L. 847, which was not a workmen's compensation case but an action at common law.
None of our own cases cited by the respondent-appellant changes this concept. Cases from other jurisdictions are cited by respondent-appellant, but these construe specific statutes of other states. There is no Uniform Workmen's Compensation Act where the decisions of one state construing a particular section can, with any authority, be cited by the courts of another state.
The issue in the case of Hagerman v. Lewis Lumber Co., 24 N.J. Super. 120 (App. Div. 1952), cited by respondent-appellant was different than the instant case. That holding amounts to no more than was decided in Lusczy v. Seaboard By-Products Co., 101 N.J.L. 170 (E. & A. 1925). There the question was whether a dependent's claim petition filed by the widow of an injured employee had been filed within time. The Court of Errors and Appeals held that it had not been filed within time. Counsel for the widow argued that a different time prevailed between a dependent's claim petition and a petition for increased disability and contended *278 that the defendant's claim petition was in effect, a claim petition for increased disability. The court held it was not. Referring to the contention of the widow that the payment of 16 weeks' temporary compensation to her husband during his lifetime was an "agreement" to pay compensation, Mr. Justice Katzenbach, speaking for the court, said:
"The agreement to pay compensation was an agreement to which only Lusczy and the By-Products Company were parties. The widow, who is the petitioner in this case, was not a party to the agreement. Any rights which she may have had for compensation for the death of her husband are rights which flow directly from the statute. They are not rights to which she succeeds as the representative of her husband. The petitioner in this case was not in our opinion a party to the agreement, and so is not in a position which entitles her to have it reviewed. * * * Death is not an increase in incapacity within the meaning of this provision of the statute."
In the case sub judice, it is not argued that petitioner is entitled to benefits under the statute as a dependent. For as was said by Mr. Justice Oliphant, speaking for the Supreme Court in Eckert v. New Jersey State Highway Department, 1 N.J. 474 (1949):
"The rights of dependents to compensation are independent and separate rights flowing to them from the act itself. They are not rights to which they succeed as the representatives of the husband and father. Lusczy v. Seaboard By-Products Co., 101 N.J.L. 170 (E. & A. 1925); Laird v. State of Vermont Hwy. Dept., 112 Vt. 67, 20 A.2d 555."
What the petitioner here argues is that she as the personal representative of her husband's estate, is entitled to money which he, as an injured employee, was entitled to but which had not been paid to him at the time of his death.
In King v. Western Electric Co., 122 N.J.L. 442-449 (Sup. Ct. 1939), affirmed by the Court of Errors and Appeals in 1937 (124 N.J.L. 129), Mr. Justice Heher, speaking for the court, said:
"And now, it [the employer] invokes the provision of the statute limiting the time for the enforcement of the right to compensation, *279 not only as regards such as the injured employee may have had in his lifetime, but as well as the right that may have accrued to his dependents under the statute by reason of his death."
Here we have the court drawing a clear distinction between (1) the right to compensation which the injured employee had in his lifetime, and (2) the rights that accrued to his dependents by reason of his death as a result of such accidental injury.
The court says further:
"It is next contended that the injured employee's `rights' were `terminated by his death,' and the bureau is therefore without jurisdiction to proceed under the petition for additional compensation filed on September 28, 1937. The point is not well made. George T. Newell, Jr. Inc. v. Workmen's Compensation Bureau, 10 N.J. Misc. 405, affirmed 110 N.J.L. 25. See, also, Erie Railroad Co. v. Callaway, 91 N.J.L. 32.
Such a rule would put a premium upon delay in discharging the statutory obligation, and would not take into account the living and other expenses incurred by the injured employee in his lifetime. The right of recovery of such compensation as the statute provides to the date of the injured employee's death is implicit in the provisions of paragraph 11 of section II of the Workmen's Compensation Act, supra, as amended by chapter 174 of the Laws of 1913 (Pamph. L. 302; R.S. 1937, 34:15-12), that, in case of the death of the injured employee `from any cause other than the accident, during the period of payments for permanent injury, the remaining payments shall be paid' to his dependents as defined therein."
R.S. 34:15-21 provides: "In case of death * * * the workmen's compensation bureau, on application or when a petition has been filed, may order such payments to be made to the administrator or executor of the decedent * * *."
It will be noted that the wording of the statute is "in case of death." This is certainly a broad statement. It does not say in case of death before, a petition has been filed nor does it say in case of death after a petition has been filed. The language used is the broadest possible. Nor does it limit the death to causes related to the accidental injury nor to causes unrelated to the accidental injury.
Nor does the statute limit or qualify the term "petition." It does not limit such "petition" in any way. The unmistakable inference is that if the petition has been filed after death by the administrator or executor, the Workmen's Compensation Bureau may then order the employer *280 or the insurance carrier to make payment of such compensation as may be found due, to the administrator or executor, as the case may be.
It is next contended that the award was based upon an erroneous, unwarranted and unprecedented construction of the Workmen's Compensation Act, the argument being that while it is conceded the act is to be liberally construed, to permit said claim petition to stand, is to torture language under the guise of liberal construction.
An examination of the statutes and cases indicates quite the opposite.
In American Radiator Co. v. Rogge, 86 N.J.L. 436 (Sup. Ct. 1914), Mr. Justice Swayze held:
"The liability is indeed contractual in character by force of the very terms of the statute, * * * it is an agreement, implied by the law * * *."
R.S. 34:15-25 declares that the bureau and the county judges "will regard the intention of this chapter that compensation payments are in lieu of wages, and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid."
In King v. Western Electric Co., 122 N.J.L. 442-448 (Sup. Ct. 1939), affirmed by the Court of Errors and Appeals, 124 N.J.L. 129 (1940), the court said:
"* * * the essence of the scheme is to provide weekly compensation, in lieu of wages, to the injured employee during the period of his disability, or to his dependents in the event of his death * * *. Ecken v. O'Brien, 115 N.J.L. 33, affirmed 116 N.J.L. 94; Tucker v. Frank J. Beltramo, Inc., 117 N.J.L. 72, affirmed 118 N.J.L. 301; J.W. Ferguson Co. v. Seaman, 119 N.J.L. 575."
If A owes B wages and B dies, it is elementary that A's personal representative can sue and recover from B the wages due.
Similarly, if A has compensation due him, either for temporary or for permanent disability at the time of his death, it is ridiculous to argue that, under our compensation *281 act, all money due him as wages or, as the Legislature puts it, "in lieu of wages," is lost to his estate, and dependent.
In another instance the Legislature has given the award or judgment the attribute or characteristic of a common law judgment, for in R.S. 34:15-28 we find the Legislature providing:
"Whenever lawful compensation shall have been withheld from an injured employee or dependents for a term of three months or more, simple interest on each weekly payment at five per cent per annum for the period of delay of each payment may, at the discretion of the bureau, be added to the amount due at the time of settlement."
In George T. Newell, Jr. Inc. v. Workmen's Compensation Bureau, 10 N.J. Misc. 405, 159 A. 316 (Sup. Ct. 1932), affirmed 110 N.J.L. 25, 163 A. 891 (E. & A. 1933), the Supreme Court said:
"The next point is that there was no proper party petitioner at the time of the award, because petitioner had meantime died. We are of opinion that, under the statute, it was proper to proceed under the petition filed to make suitable award to the date of petitioner's death."
In Roney v. Griffith Piano Co., 131 A. 686, 4 N.J. Misc. 31 (C.P. 1925), the petitioner filed his claim petition and then died from cancer. Because the case was on appeal, no compensation had been paid to the date of his death. Judge Porter said:
"* * * the law is settled that the personal representative of the deceased is entitled to the compensation which had accrued up to the date of death of the petitioner. Erie Railroad Co. v. Clara Callaway, Executrix, 91 N.J.L. 32, 102 A. 6."
The Roney case was appealed to the Supreme Court, Griffiths Piano Co. v. Court of Common Pleas, 134 A. 922 (1926), which held:
"We are satisfied with the disposition of the case made by Judge Porter. The rule is therefore discharged."
*282 In Marrocco v. Allied Textile Printers, Inc., 31 A.2d 403, 21 N.J. Misc. 105 (C.P. 1943), Judge Delaney said:
"The petition in the above stated matter was dismissed in the Workmen's Compensation Bureau, without a hearing on the merits, on the ground that the petitioner, as general administrator of the estate of Angelo Leombruni, deceased, had no footing to file a petition on behalf of the dependents  a widow and child  of the decedent. The law seems to be to the contrary."
Citing Conners v. Public Service Electric Co., 89 N.J.L. 99, 97 A. 792; Mc Farland v. Central R. Co., 84 N.J.L. 435, 87 A. 144; Reimers v. Proctor Publishing Co., 85 N.J.L. 441, 89 A. 931; and Lazzio v. Primo Silk Co., 114 N.J.L. 450, 177 A. 251, affirmed 115 N.J.L. 506, 180 A. 881. In setting aside the order of dismissal, the court said:
"We think that the petitioner * * * as general administrator of the deceased, had a right to bring the proceeding for the benefit of the alleged dependents of the deceased."
As was said by Mr. Justice Oliphant, speaking for the Supreme Court, in Skislak v. Continental Mining & Smelting Corp., 1 N.J. 167 (1948), there is "a legislative intention to give petitioners in compensation cases every reasonable opportunity to have their causes determined on their merits."
If, therefore, as the courts have held, a general administrator can, by the filing of a supplemental petition, receive whatever moneys were due to an injured workman who had filed his own petition, down to the date of his death, there is nothing in legal reasoning and certainly in the act itself which renders it illegal for the personal representative of the injured workman to file an original claim petition. On the contrary, the entire legislative scheme of the act shows otherwise.
It is next contended that the constitutional rights of respondent-appellant were violated because it had not examined the injured workman. But R.S. 34:15-19 only provides that "the employee, if so requested by his employer, must submit himself for physical examination and X-ray * * * *283 as often as may be reasonably requested." The employee was injured October 10, 1950 and died July 1, 1951. The record is barren of any evidence that in the almost nine intervening months the employer even requested such examination, much less that it was refused.
Finally, it is contended that the award is not supported by competent evidence, citing Helminsky v. Ford Motor Co., 111 N.J.L. 369 (E. & A. 1933) and Andricsak v. National Fireproofing Corp., 3 N.J. 466 (1950). These cases are not in point. As before stated, the employee was severely injured while working in respondent's plant. By virtue of R.S. 34:15-17, if the employer had actual knowledge of the occurrence of the injury, no further notice is required. He was taken to the hospital immediately after the alleged accident. Respondent paid both the bill of the hospital and the treating physician. Respondent also admitted paying the injured workman compensation for temporary disability for 27 weeks after the accident. Respondent's insurance carrier filed with the New Jersey Department of Labor, Form No. 2, attesting to the fact that the said Albert Kozielec was injured on October 10, 1950 while in the employ of the respondent, Mack Manufacturing Corp., that his compensation rate was $25 a week, and that he was paid temporary compensation for 27 weeks at the above rate. At the hearing petitioner produced the plant nurse, and finally respondent's answer admits the happening of the accidental injury at its plant. An admission in an answer dispenses with further proof. Mechanics' Trust Co. v. Halpern, 116 N.J.L. 374 (Sup. Ct. 1936).
Independent of the findings of the Division of Workmen's Compensation, I therefore find and determine that judgment be entered in favor of the petitioner-appellee, Sophie Kozielec, as administratrix of the estate of Albert Kozielec, deceased, and against the respondent-appellant, Mack Manufacturing Corporation, as follows:
1. For 15% loss of the right foot, or 30 weeks, which at the compensation rate of $25 a week amounts to $750, plus 5% of partial total for injuries to the head and neck, or *284 27 1/2 weeks, which at the compensation rate of $25 a week amounts to $687.50, making a total of $1,437.50.
2. To Dr. Norman Rosenberg, for appearance and giving of testimony, $50 payable $25 by petitioner-appellee and $25 by respondent-appellant.
3. To Harold Sklarew, Esq., and Russell Fleming, Esq., jointly, a counsel fee of $250 for services rendered in the Division of Workmen's Compensation, payable $150 by respondent-appellant and $100 by petitioner-appellee.
4. Stenographic fees to be paid by respondent-appellant.
5. To Russell Fleming, Esq., a counsel fee of $150 for services rendered on this appeal, to be paid by the respondent-appellant.
Pursuant to the provisions of R.S. 34:15-64, as amended, it is directed that the amounts to be deducted for the petitioner-appellee's expenses are to be paid to the persons entitled to the same, the remainder to be paid directly to the petitioner-appellee.
Judgment is entered in accordance with this determination.